## Bruce and Cortelyou *vs.* Westcott.

An instrument in these words: "Six months from date I guaranty to pay J. K. A. or his order, $180 without interest," is a promissory note.

The insertion of the words "or his order," in a note, after the execution and delivery thereof to the payee, without the maker's *knowledge* or consent, is a material alteration, and renders such note *invalid in the* hands of an innocent holder.

The fact that a blank space has been left in a note, sufficient for the insertion of additional words *therein without creating suspicion*, will not alone, and as matter of law, authorize the holder to insert additional words, after the execution and delivery of the note, without the consent of the maker.

Where a blank space has been left in a note, which renders the note imperfect, the holder may, *it seems*, in some special cases, fill the blank. But if a note is perfect when delivered, no alteration can be made therein but by consent of the parties; nor will the law imply an authority to the holder to make an addition thereto, which will render it negotiable.

Motion for a new trial. The action was assumpsit, on a promissory note or instrument in writing, made by the defendant, payable to J. K. Averill, and endorsed by him to the plaintiffs in due course of trade. It was in these words: "Six months from date I guaranty to pay J. K. Averill or his order one hundred and eighty dollars, without interest. Stillwater,

April 8, 1845." Signed "Isaac Westcott." Endorsed "J. K. Averill."

The cause was tried before the Hon. J. WILLARD, then circuit judge, at the Saratoga circuit, in May, 1847, and a verdict taken for the plaintiffs. The defendant insisted that the plaintiffs could not recover, because the instrument could not be given in evidence under the declaration, which contained only the common counts. And also that no consideration was expressed in the writing. These objections were overruled. The defendant then offered to prove that at the time when he executed and delivered the paper in question to J. K. Averill, the words "or his order" were not written in the paper, and that the same had been added since, without his knowledge or consent. The plaintiffs' counsel objected to said evidence, on the ground that if the paper was written when delivered to Averill by the defendant, without the words "or his order," the fact that there was a sufficient blank space left at the beginning of the third line to insert the words "or his order" after the word "Averill" and before the word "one," was such an implied authority to Averill to insert the words "or his order" as to make the defendant liable to the plaintiffs in this suit, to whom the paper had been transferred in the regular course of business, although the words "or his order" were in fact inserted by Averill without the knowledge or consent of the defendant; or that at all events the issuing, by the defendant, of the note with a blank space left for words of negotiability to be inserted, and of sufficient extent for them to be written in, so as not to excite suspicion, made the defendant liable for the filling up of said blank space in the manner such blanks are usually filled up. The circuit judge decided that the evidence offered was inadmissible in any point of view. He decided, as matter of law, that the defendant was liable to the plaintiffs on the paper in question although the words "or order" had been inserted after the defendant had executed and delivered the paper to Averill, and without his, the defendant's, knowledge or consent; upon the ground that a sufficient blank space had been left at the beginning of the third line and before the word

Bruce v. Westcott.

" one" to insert the words " or his order." To the above decisions the defendant excepted. There were other points raised, and exceptions taken, not necessary to be noticed here.

*George W. Kirtland,* for the plaintiff.

*J. K. Porter,* for the defendant.

*By the Court,* HAND, J. The most important question in this case is, whether the insertion of the words " or his order," in a note, after its execution and delivery to the payee, without the maker's knowledge or consent, and where there is a blank or space sufficient to do so without creating suspicion, invalidates the note in the hands of an innocent holder? It is well settled that the alteration of a note in any material part, as against a party not consenting thereto, renders it wholly invalid, even in the hands of an innocent holder. (*Chitty on Bills,* 182, *et seq. Woodworth* v. *Bank of America,* 19 *John. Rep.* 391. *Clute* v. *Small,* 17 *Wend.* 242. *Nazro* v. *Fuller,* 24 *Id.* 374. *Goodman* v. *Eastman,* 4 *N. Hamp. Rep.* 455. *Cowie* v. *Halsall,* 4 *Barn. & Ald.* 197. *Bayley on Bills,* 90.) That the insertion of words making a note negotiable, which before was not so, is a material alteration, cannot, I think, be doubted. It is a different instrument, and may materially change the rights and liability of the maker. True, there are some *dicta* that such an alteration is " innocent." (*See Clute* v. *Small,* 17 *Wend.* 243, *per Cowen, J.*) In that case Cowen, J. cites *Chitty on Bills.* Chitty cites *Kershaw* v. *Cox,* (3 *Esp. Rep.* 246 ;) *Knill* v. *Williams,* (10 *East,* 435, 437 ;) *Cole* v. *Parkin,* (12 *East,* 471 ;) *Bathe* v. *Taylor,* (15 *Id.* 412 ;) *Robinson* v. *Touray,* (1 *Maule & Sel.* 217.) Neither of which cases in fact treats this alteration as immaterial, but the reverse. (*And see Cowen's Tr.* 165.) Nor does Chitty so state. His language is: " so the insertion of the words ' or order,' in a note intended to be negotiable, but which had been omitted by mistake, will not render it inoperative against the parties." The questions arising in the above cases, were upon the stamp

Bruce v. Westcott.

acts. In *Kershaw* v. *Cox*, Le Blanc, Justice (at nisi prius) decided that, as the omission was a mistake, it did not require a new stamp; and as to the alteration, he thought the defendant had consented, but he left that to the jury. This was not necessary if the alteration was immaterial. And in *Knill* v. *Williams*, (10 *East*, 436,) the same judge said, " the opinion I delivered in *Kershaw* v. *Cox*, can only be supported on the ground that the alteration there made in the bill the day after it was negotiated, was merely the correction of a mistake made by the drawer of it, in having omitted the words " or order," which it was intended at the time should be inserted; for the alteration there *was a very material one.*" And this explanation is repeated in *Bathe* v. *Taylor*, (*supra.*) It was, as stated by Lord Ellenborough in *Bathe* v. *Taylor*, and in *Cole* v. *Parkin*, (*supra,*) a mere correction of a mistake, in furtherance of the original intention, and *with the consent of all parties.* The addition of these words to an endorsement, it seems may or may not be material, as the note is or is not originally negotiable. (*Story on Prom. Notes,* §§ 128, 139 *and notes. Edie* v. *East India Co. Burr.* 1216.) But this question does not arise here. In the present case the defendant offered to show that the words " or his order," had been added to this note without his knowledge or authority. This would make it void as to him, unless he is estopped because the addition was written upon a blank space left in the note; upon which ground it seems the plaintiffs recovered. But I have not been able to find any case that goes so far. Where there is a blank which renders the bill imperfect, the holder in some special cases has been allowed to fill it. As, to insert a payee, (*Cruchley* v. *Clarance,* 2 *Maule & Sel.* 90; *Crutchly* v. *Mann,* 5 *Taunt.* 529; *Atwood* v. *Griffin,* 2 *Car. & Payne,* 368;) or the sum, according to the fact, (*Boyd* v. *Brotherson,* 10 *Wend.* 93; *Clute* v. *Small,* 17 *Id.* 238;) or the date, (*Mitchell* v. *Culver,* 7 *Cowen,* 336;) and, perhaps, the time of payment, by the maker after endorsement, (*Mechanics' and Farmers' Bank* v. *Schuyler, Id. note.*) " The defendant by leaving a blank," says Lord Ellenborough in *Cruchley* v. *Clarance,* " undertook

VOL. III.          48

to be answerable for it when filled up in the shape of·a bill."
In *Clute* v. *Small*, Cowen, J. inclined, with some hesitation, to
the opinion that where the real amount due was stated in the
margin, the sum in the note might be corrected by it. He had
doubts, however, and said the court had gone quite far enough
to sustain an altered note as a genuine one, in *Boyd* v. *Broth-
erson*, where the note was on its face incomplete in sense.
And I find no case that decides that a space may be filled up
in a bill already complete, without any mistake, omission or
authority being shown. It is already "in the shape of a bill."
After the instrument is completed and delivered, no alteration
can be made but by consent of parties. Many persons use
printed blanks, and if the payee may bind all prior parties by
filling them up so as to deceive, and then pass them to subse-
quent holders, it would be dangerous to issue a bill or note
unless perfectly and completely drawn and filled up. (*Hall* v.
*Fuller*, 5 *Barn. & Cress.* 750.) Filling an original blank
space, in an instrument already perfect, with material words,
and with intent to defraud, is no less criminal, than altering
by expunging and filling, with like intent. The fair and un-
suspicious appearance of a note, of course imposes the burden
of proving· the alteration upon the defendant, but does not
estop him from proving that the instrument has been altered.
The rule that where one of two persons must suffer by the act
of a third, the one who innocently afforded the means to the
wrongdoer must sustain the loss, it is believed does not apply
to such a case. (*Goodman* v. *Eastman*, 4 *N. Hamp. Rep.*
455. And see *Sentance* v. *Poole*, 3 *Car. & Payne*, 1.) The
owner cannot look to those who were parties prior to the unau-
thorized alteration. There may be hard cases, but so far, the
holder must be considered as giving credit to the intermediate
parties, who warrant the genuineness of the note. (*Jones* v.
*Ryde*, 5 *Taunt.* 488. *Herrick* v. *Whitney*, 15 *John. Rep.*
240.) The fact that there was room for the words "or his
order," did not alone, and as matter of law, authorize their in-
sertion by Averill; and consent or authority, after that, must
be shown to sustain the note. Where the note is suspicious on

its face, the plaintiffs must explain.    And in all these cases the questions whether the note has been altered—or whether an omission was by mistake—or whether any correction that has been made was made by consent—if the facts are disputed, are questions for the jury. (*Herrick* v. *Malin,* 22 *Wend.* 394. *Boyd* v. *Brotherson,* 10 *Id.* 93.    *Bishop* v. *Chambre,* 3 *Car. & Payne,* 55.    *Taylor* v. *Mosely,* 6 *Id.* 273.    *Henman* v. *Dickinson,* 5 *Bing.* 183.    *Kershaw* v. *Cox,* 3 *Esp. Rep.* 246.) If the jury find the note was delivered by the defendant to the payee with authority to fill the blank, or if these words were omitted by mistake, and afterwards inserted in furtherance of the original intention of the parties, and certainly if with the defendant's consent, he is liable.    But as the note was already perfect, the law will not imply an authority to make such an alteration as is said to have been made here.

I cannot agree to the point taken by the defendant, that this is not a note.    Though inartificially drawn, I think it is an original and entire contract, and in no sense collateral or conditional.    It names no one for whom the defendant stands guarantor.    On the contrary, he says, "I guaranty to pay," which I take it means that he himself will pay. (*Luquere* v. *Prosser,* 1 *Hill,* 256 *and cases there cited. Lovell* v. *Hill,* 6 *Car. & Payne,* 238.    *Morris* v. *Lee, Ld. Raym.* 1396.)    The defendant was wrong, too, in his proposed explanations.    The meaning of these words could not be qualified or explained by the proof offered, to show that the original parties intended something different from their legal effect.

But there must be a new trial on the ground of alteration.

New trial granted.