DAVID BARRICK and others, executors, &c., of John Barrick, deceased, *vs.* AUSTIN and others,

Where a note, not negotiable, is sued on by a person other than the payee, the possession of the note in court, at the trial, by the plaintiffs' counsel, is not *prima facie* evidence, as in case of commercial paper, negotiable in terms, that the note was transferred to the plaintiff before the commencement of the action, and before the maturity of the note.

Where such a note is made payable to a bank, and is sued on by a person claiming title to the same by assignment from the bank, the delivery of the note to the payee and the transfer thereof by the bank to the plaintiff, before the commencement of the action, will not be proved by an assignment of the cashier, indorsed thereon, without date, or any evidence of the time when it was made.

A cashier of a bank has no power to assign a promissory note, not negotiable, without authority from the bank, evidenced by a resolution of the board of directors, usage in similar cases, or in some other way.

The fact that the plaintiff's evidence is insufficient, at the time of a motion for a nonsuit, to sustain his action, is not a ground for granting a new trial, where evidence is afterwards given, upon the trial, which entitles him to recover.

A promissory note, not negotiable, was made by A. for the purpose of raising money for his own use and accommodation, payable to the president, &c. of the Seneca County Bank. V., P. and W. subsequently signed it at his request, as sureties. The note, without being offered at the bank, was discounted by B. *Held* that all the signers of the note were liable, in an action thereon by the executors of B. And this, although the plaintiffs, in their complaint, claimed title through the bank; it appearing that the defendants were not misled,

The declarations and admissions of one of several joint makers of a note, after the making of the note, are competent evidence, as against the other joint makers.

THIS action was brought to recover the amount due on a promissory note, of which the following is a copy :

" $200.  Three months after date, for value received, we jointly and severally promise to pay the president, directors and company of the Seneca County Bank, two hundred dollars, payable at their bank in Waterloo, with use.

Dated Phelps, December 20th, 1847.

(Signed)  JAMES G. AUSTIN.
ABRAHAM VAN BUSKIRK.
GEORGE R. PARBURT.
ELI WESTFALL."

Barrick *v.* Austin.

The action was against all the makers. The facts are stated in the opinion of the court, sufficiently for an understanding of the points decided. The trial came on at the circuit in Wayne county, in April, 1853, when the plaintiff had a verdict for the amount of the note and interest. The defendant Van Buskirk moved for a new trial, upon a bill of exceptions, which was ordered to be heard, in the first instance, at the general term.

*S. V. R. Mallory*, for the defendant Van Buskirk.

*O. H. Palmer*, for the plaintiffs.

*By the Court*, WELLES, J. The complaint alleges that the note in question was made payable and delivered to the president, directors and company of the Seneca County Bank, and that the plaintiffs' testator derived his title to it by transfer and assignment thereof to him by the bank, in his lifetime.

At the time the plaintiff rested, the only evidence to prove the note was ever delivered to the bank, was the assignment by the cashier, indorsed upon the note, which was without date, or any evidence of the time when it was made. If it was essential to the maintenance of the action, to prove the delivery of the note to the bank, and the transfer of the same to the plaintiffs' testator, it should have been shown that such delivery and transfer were made before the commencement of the action. The cashier's assignment did not prove either. *Non constat* but it was made on the day of the trial. Besides, there was no evidence of any authority in the cashier to transfer the note. Without authority from the bank, evidenced by a resolution of the board of directors, usage in similar cases, or in some other way, he clearly had no authority to do the act.

Upon the evidence thus presented, there was manifestly a failure of proof to sustain the action, and the motion for a nonsuit should have been granted. The possession of the note in court at the trial, by the plaintiffs' counsel, was not *prima facie* evidence, as in the case of commercial paper, negotiable in terms, that the note was transferred to the testator or the plaintiffs

Barrick *v.* Austin.

before the commencement of the action, and before the maturity of the note. If, however, evidence was afterwards given upon the trial which entitled the plaintiffs to recover, the fact that his evidence was insufficient at the time of the motion for a nonsuit, is not a ground for granting a new trial. It subsequently appeared, by the evidence of Austin, one of the defendants, that the note was made by him, Austin, for the purpose of raising money for his own use and accommodation. That the defendants Van Buskirk and Parburt signed it at his request, as sureties. That after the note was so made, and before Austin had parted with it, he met with Eli Westfall and inquired of him where he could get it cashed. That Westfall replied, he thought John Barrick, the testator, would cash it. That he then handed the note to Westfall, promising him five dollars out of the proceeds of the note, provided he could get the money on it of Barrick. That Westfall took the note to the testator and, upon his adding his own name, obtained the money ($200) of him, and paid the money to Austin, and Austin then paid Westfall the $5.00, as agreed.

Upon this state of facts, it seems to me quite clear, that the plaintiffs should recover. (*Bank of Rutland* v. *Buck*, 5 *Wendell*, 66.) If the same facts had appeared on the plaintiffs' showing, in the first instance, the only difficulty in the way would have been the manner in which the plaintiffs had stated the title of their testator, in the complaint, to the note. But would this have been an insuperable difficulty? It seems to me it would not. The code (§ 169) provides that "no variance between the allegation in a pleading and the proof, shall be material, unless it shall have actually misled the party, to his prejudice, in maintaining his action or defense upon the merits." There was no allegation, on the trial, that the defendants were misled. Indeed they could not have been, for they furnished the evidence showing the plaintiffs' right to recover.

Among other defenses set up by the defendants at the trial, was that of usury in the note upon which the action was brought. With a view of repelling this defense, the plaintiffs called one Van Slyck as a witness, who testified that he heard

Barrick *v.* Austin.

a conversation between John Barrick the testator, in his lifetime, and the defendant Austin, in the summer of 1850, at Vienna. The plaintiffs' counsel asked the witness what that conversation was. To this the defendants' counsel objected, insisting that the evidence was inadmissible for any purpose. The counsel for the plaintiffs then referred to the answers of said Austin to certain interrogatories annexed to a commission which had been issued, and under which he had been examined in behalf of the other defendants and with a view of sustaining the defense of usury, which answers had been read in evidence ; and the plaintiffs' counsel stated that the conversation offered to be proved would contradict the evidence of Austin so given in answer to the interrogatories. The circuit judge sustained the objection to the evidence in the view in which it was offered, on the ground that no foundation had been laid in the examination of Austin to authorize evidence to contradict him. The plaintiffs' counsel then offered to prove the same conversation as evidence in chief, showing the admissions of one of the defendants in the action, who was proved to have been a joint maker with the other defendants of the note upon which the action was brought. In this view the evidence was received, although still objected to on the part of the defendants. We think the evidence was proper, on the ground upon which it was received by the judge at the trial. Austin was one of the defendants, and a joint obligor with the others. His declarations and admissions after the note was made, were clearly competent as against his co-joint-obligors, equally as against himself. We discover no error for which a new trial should be granted.

New trial denied.

[MONROE GENERAL TERM, September 3, 1855. *Johnson, Selden* and *Welles,* Justices.]