## KITCHEN and others *vs.* PLACE.

Where a blank space is left, in a promissory note, after the word "at," in the place where the place of payment is usually mentioned, the holder of the note is authorized, by an implied authority, to fill the blank.

The word "at" implies that the blank space which succeeds it may be filled before the note is delivered, with a designated place of payment. And if the holder fills in a place of payment, it will not discharge the indorser.

APPEAL from a judgment ordered at the circuit, on a trial before the court without a jury. The judge found that on and prior to the 10th day of July, 1862, the plaintiffs were the owners and holders of a promissory note for $122.41, payable on that day at the Importers and Traders' Bank, New York, made by Henry C. Place, payable to the order of and indorsed by the defendant, who was an accommodation indorser for the benefit of said Henry C. Place. That shortly before the said 10th day of July, the said Henry C. Place, for the purpose of procuring a renewal and extension of the time of payment of a portion of said note, made a new note, using a printed blank for that purpose, of which note the following is a copy:

"$100.  *New York, July* 10, 1862.

Two months after date, I promise to pay to the order of N. Place, one hundred dollars,

Value received.

(Signed)     H. C. PLACE."

And sent the same to and procured it to be indorsed by his father, the defendant in this action. And on or about the 9th day of July, 1862, the said Henry C. Place sent said note in a letter to the plaintiffs to take up the original note, and a check for the balance thereof; and in said letter the said Henry C. Place stated that he had forgotten the name of the bank in which his note was payable, and requested the plaintiffs to insert the same in the new note, and inform him by bearer.

The plaintiffs on the receipt of the new note inserted therein the words "Importers and Traders' Bank," in a blank space which was left in the note between the word "at" and the words "for value received," all of which were in the printed part of said note. And the plaintiffs immediately wrote to Henry C. Place stating that his note coming due the 10th July was payable at the "Importers and Traders' Bank," and they had filled up the blank in this note with the same place; that the note coming due on the 20th was in the bank, and saying they would send for it the same day and requesting said Henry C. Place to call for it the next day, when it would be ready; but the same was not called for, and the plaintiffs produced and offered to cancel it on trial. That in consequence of such renewal of said original note as aforesaid, the plaintiffs omitted to have the same protested. That the said note bearing date July 10, 1862, was on the 13th day of September, 1862, duly presented at said Importers and Traders' Bank for payment, and payment thereof demanded and refused, and the same was then protested for non-payment pursuant to such demand, and due notice thereof given to the defendant. That no part of said last mentioned note has been paid, and that said note and interest and notary's fees for protesting the same, amounts to the sum of $102.75. He therefore found and decided as a conclusion of law, that the plaintiffs were entitled to recover of the defendant the sum of $102.75, besides costs.

*E. L. Sanderson,* for the appellant.

*E. S. Capron,* for the respondents.

*By the Court,* LEONARD, J. The defendant indorsed the note, leaving a blank in the body of it after a word which would be unmeaning unless the blank were filled. The word "at" implied that the blank space which succeeded it might be filled before the note should be delivered, with a desig-

nated place of payment. Had that word been erased, the sense would have been complete without filling the blank. With this isolated word, the note was imperfect in its purport, until the space was filled or the word erased.

In such instances it has been held that the holder of the note is authorized, by an implied authority, to fill the blank. (*Mitchell* v. *Culver,* 7 *Cowen,* 336. *Boyd* v. *Brotherson,* 10 *Wend.* 93. *Bruce* v. *Westcott,* 3 *Barb. S. C. R.* 377. *Cruchley* v. *Clarence,* 2 *Maule & Sel.* 90. *Van Duzer* v. *Howe,* 21 *N. Y. Rep.* 531, 536.) The opinion in the case of *Van Duzer* v. *Howe* confirms the authority of the cases cited, except *Bruce* v. *Westcott,* (3 *Barb.* 374,) which is not mentioned. It also holds that the accommodation party is estopped from denying liability, or alleging against a bona fide holder, that the alteration is a forgery. The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]