## SUPREME COURT.

PATRICK SMITH agt. JOSEPH BOYER, impleaded with others.

Where an *accommodation note* is made payable to two payees—one of whom indorses it, for the accommodation of the makers, upon the express agreement that the same should not be used unless the other payee also indorsed it—that the name of the other payee was then *forged* as indorser by one of the makers, who transferred the same to the plaintiff for value:

*Held*, in an action upon the note against the genuine indorser, that the plaintiff could not recover against him.

The rule is well settled that a *forged indorsement* does not pass a title to commercial paper, negotiable only by indorsement.

*Trial before* CHARLES MASON, *Referee, May,* 1871.

THIS suit is brought to recover against the defendant, Boyer as an accommodation indorser of a $1,000 note, made by the firm of West & Kenna, payable to the order of the said Boyer and one William Kenna.

The note was presented to Boyer by Thomas M. Kenna, one of said makers, and Boyer indorsed the same for the accommodation of the said firm, and upon the express agreement that the same should not be used unless William Kenna, the other payee, indorsed the same—that the name of William Kenna was then forged as indorser upon the said note by the said Thomas M. Kenna, who transferred the same to the plaintiff for value, and the question is whether the defendant is liable as an indorser.

GEORGE W. SMITH, *for plaintiff.*
GEORGE A. HARDIN, *for defendant.*

MASON, *Referee.*—It seems to me that upon well settled principles of law, the plaintiff cannot recover against Boyer

as indorser. The plaintiff must make title to this note, through the indorsement of the payees. (*Chitty on Bills*, 286; 1 *T. R.*, 654; 3 *T. R.*, 127; 4 *T. R.*, 28).

The rule is well settled that a forged indorsement does not pass a title to commercial paper negotiable only by indorsement. (1 *Hill*, 287; *Story on Bills, sec.*; 457; 17 *N. Y.* 208; 11 *How. U. S.*, 183).

One of the two could not indorse the note to a third person. (9 *Mass.*, 334; 14 *Pick.*, 268).

There is no principle of law applicable to commercial paper by which one of the two payees who simply indorses the note for the accommodation of the maker, and has nothing to do with negotiating the same, can be held to guarantee the genuiness of the other indorsement.

The drawee, by accepting a bill, admits the handwriting of the drawer, but not that of an indorser.

The holder is bound to know that the indorsers, including that of the payees, are in the handwriting of the parties whose names appear upon the bill, and if it should appear that one of them is forged he cannot recover against the acceptor, although the forged name was on the bill at the time of the acceptance.

The reason of the rule is obvious. A forged indorsement cannot transfer any interest in the bill, and the holder has no right to demand the money. (*Hartsman agt. Henshaw*, 11 *How. U. S.*, 183; 3 *Hill's So. Car.*, 227; 2 *Parsons on Notes and Bills*, 590). This is well settled, (2 *Sandf.* 247; 11 *Mees. & W.*, 251; 7 *Taunt*, 455; 17 *May.*, 44; 14 *Md.* 556; *Story on Bills*, 263, 412).

The purchaser of a note from the maker may claim that the maker has guaranteed the genuineness of the indorsers' names, and the law is well settled that in a suit against the makers they cannot allege the forgery of the indorsers' names. (*Edwards on Bills and Notes*, 190, 178; 1 *Comst*,, 113).

And so does a subsequent indorser by his act of indorse-

ment admit the genuineness of all prior parties where he himself transfers the note. The rule is different when the indorser merely indorses for the accommodation of the maker and the note is negotiated by the maker for his own benefit.

The indorser in such case, may make his defense. The defendant in this case has a perfect defense. If the name of William Kenna, one of the payees, had not been forged upon his note, it would have shown upon its face that it was an incomplete instrument, and which no one would have the right to make complete but William Kenna himself; and the rule in such case would require the purchaser to inquire why the other payee had not indorsed, and whether the payee who did indorse had consented to the notes being used without the indorsement of the other payee. (4 Cranch, 219; 11 Vermont, 449; 11 Peters, U. S., 86; 4 B. & D., 440).

The plaintiff's case is worse still with Kenna's name forged after the defendant had indorsed the same upon the agreement with the maker that the note was not to be used until Kenna had indorsed it. It is not the diverting of the note, but the very making of the note is tainted with forgery. The note was incomplete until William Kenna had indorsed, and the forging of his name discharged the defendant.

The case of Aude agt. Dixon, (6 Welsby,) Hurd agt. Gordon, (869, Exch.,) is in point and decides the case against the plaintiff. In that case the defendant, Dixon, agreed to join his brother in making a note for his accommodation, provided R. would sign also. The defendant signed the note, a blank being left for the name of the payee. R. refused to sign, and afterwards the defendant's brother delivered the imperfect instrument to the plaintiff for value, representing that he had authority to deal with and the plaintiff's name was inserted as payee. Held that the plaintiff could not recover; that under the circumstances the insertion of the plaintiff's

name as payee was a forgery and the plaintiff could not recover.

The plaintiff could not get a good title as *bona fide* holder if his note had been unindorsed, for one who receives a note or bill unindorsed acquires no better title under it than the person from whom he received it himself had. (3 *Am. Law Reg. N. Y.*, 440, *and cases*). And the case in 6 *Exch. R.*, above, holds that the forgery of the payee's name cannot help him to a better title. The name of William Kenna upon the back of this note was necessary to give it negotiability, and the forgery of his name upon the note after the defendant had indorsed, must be held to avoid the note. (3 *Barb.*, 374; 21 *Barb.*, 241; 10 *N. Y.* 198; 24 *Wend.*, 374, ; 19 *Johns.*, 391; 17 *Wend.*, 238; 35 *Penn.*, 80).

The conditional delivery of this note back to the maker by the defendant after he had indorsed it upon the agreement that it was not to be used until Kenna had indorsed it, deprived the maker of all power to transfer it unless Kenna did indorse it. (32 *N. Y.*, 445; 11 *Vermont*, 447; 3 *Greene*, *N. J.*, 155; 4 *B. & A.*, 440; 3 *Wend.*, 380.)

As this note was payable to Boyer & Wm. Kenna as payees, it could not be brought under the law of commercial paper until Kenna had indorsed as well as Boyer.

The note till this was done was not negotiable under the law merchant. The complaint should be dismissed.