## FRANK W. WAGGONER AND JAMES W. EAGER, RESPONDENTS, *v.* HARRIET E. MILLINGTON, APPELLANT.

*Married woman — note by, charging separate estate, though for debt of husband, valid — blank place of payment, can be filled in by holder — Practice — immaterial averments.*

A married woman executed and delivered the following note:

"$60.00.                           SYRACUSE, N. Y., *February* 26, 1875.
Six months after date I promise to pay to the order of Waggoner & Eager sixty dollars at                           ,value received, with use. And for value received, I hereby agree that the above sum shall be paid out of my separate estate, and make the same a charge thereon.
                           (Signed)       HARRIET E. MILLINGTON."

*Held,* that the note was not avoided by filling in after the word "at," in a blank left for the place of payment, "State Bank of Syracuse, N. Y.," the leaving of such blank giving implied authority to the lawful holder to fill it up by designating a place of payment ; that the body of the note contained a sufficient admission that the defendant was possessed of a separate estate.

That an allegation in the answer that the note was given for a prior indebtedness of her husband in his own business and for his own benefit, and that she was solicited to sign said note for her husband and did so without any intention of charging her separate estate or knowing that she had done so, following a general denial of each and every allegation in the complaint " except as hereinafter stated and admitted," had the sole legal effect to admit the making of the note, and the qualification of the admission was immaterial.

That such allegation constituted no defense to the note.

APPEAL from a judgment entered upon the report of a referee in favor of the plaintiffs for $182.05 damages and costs. The action was upon a promissory note made by the defendant, a married woman, containing this clause: "And for value received, I hereby agree that the above sum shall be paid out of my separate estate, and make the same a charge thereon," and delivered to the plaintiffs to secure an extension of time on a judgment by them against the husband of the defendant. When delivered, the blank for the place of payment was not filled out, but was caused to be done by the plaintiffs, by inserting after the word "at," "State Bank, Syracuse, N. Y.," without the knowledge or express consent of the defendant, but in good faith and without any actual fraudulent intent on the part of the plaintiffs.

The answer first denied each and every allegation of the complaint " except as hereinafter stated and admitted." And as a further answer and third defense, alleged " that the note mentioned and described in the complaint, was not given by her in any business of her own, separate or otherwise, nor did it relate to, or in any way benefit, any estate of hers, separate or otherwise, but was given for a prior indebtedness of Philander Millington (her husband), " in his own business and for his own benefit, and this defendant was solicited to sign said note as surety for the said Philander, and did so without any intention of charging her separate estate, or knowing that she had done so."

*W. Sanders,* for the appellant.

*Baldwin & Hahn,* for the respondents.

TALCOTT, J.:

This is an appeal from a judgment on the report of a referee. The action was on a note made by the defendant, a married woman, to secure a debt due from her husband. The note contained a clause distinctly charging the separate estate of the defendant with the payment of the debt.

The referee correctly held, that the fact that the defendant signed the note was admitted by the answer. The answer commenced with a general denial of each and every allegation in the complaint contained, " except as hereinafter stated and admitted."

The defendant for a third defense alleges that the note " was given for a prior indebtedness of Philander Millington in his own business and for his own benefit, and this defendant was solicited to sign said note for said Philander, and did so without any intention of charging her separate estate or knowing that she had done so."

The third answer contains no defense to the action, and its sole office in legal effect is to admit the making of the note. The general denial is qualified by the words " except as hereinafter stated and admitted." There appears to be no admission in the answer on any subject except that the defendant made the note, and the qualification of the denial is senseless except it be construed to refer to the making of the note.

If ambiguous, the pleading is to be construed most strongly against the pleader.

The note was not avoided by the filling of the blank after the word " at," left for inserting the place of payment.

The leaving of this blank gave implied authority to the lawful holder to fill it up by designating a place of payment. (*Kitchen* v. *Place*, 41 Barb., 465; *Redlich* v. *Doll*, 54 N. Y., 234.) The body of the note contained a sufficient admission that the defendant was possessed of a separate estate. The court itself corrected the error, if any, in putting its refusal to adjourn the case on the ground that the evidence proposed to be given by the defendant was inadmissible under the pleadings, by withdrawing the refusal to adjourn and adjourning for four days to give defendant an opportunity to produce the evidence, and notifying the defendant thereof. At the expiration of that time the defendant should have produced the evidence or shown cause for a further adjournment.

The judgment must be affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment affirmed.