REBECCA SCHWEITZER, as Executrix of PETER J. SCHWEITZER, Deceased, Appellant, *v.* JAMES F. FARGO, as Treasurer of AMERICAN EXPRESS COMPANY, Respondent.

(Argued October 6, 1930; decided November 18, 1930.)

*Arthur Levitt* for appellant. The plaintiff's testator was entitled to the return of the consideration which he paid to the defendant. (*Bank of United States* v. *National City Bank*, 123 Misc. Rep. 801; *Kupfer Bros. Co.* v. *Chemical Nat. Bank*, 126 Misc. Rep. 13; *Safian* v. *Irving Nat. Bank*, 202 App. Div. 459; 236 N. Y. 513; *Chemical Nat. Bank* v. *Equitable Trust Co.*, 201 App. Div. 485; *Gellert* v. *Bank of California*, 107 Ore. 162.)

*Leslie D. Dawson* and *Sidney W. Davidson* for respondent. The transaction on the part of defendant was an executed sale of a foreign bill of exchange. (*Gravenhorst* v. *Zimmerman*, 236 N. Y. 22; *Moe* v. *Bank of United States*, 211 App. Div. 519; *Sakaloff* v. *National City Bank*, 130 Misc. Rep. 66; 223 App. Div. 754; 250 N. Y. 69; *American Express Co.* v. *Cosmopolitan Trust Co.*, 239 Mass. 249; *Foreign Trade Banking Corp.* v. *Cosmopolitan Trust Co.*, 240 Mass. 413; *Carmen* v. *Higginson*, 245 Mass. 511; *Paulink* v. *American Express Co.*, 163 N. E. Rep. 740; *Matter of Bolognesi & Co.*, 254 Fed. Rep. 770; *Matter of Pacat Finance Corp.*, 295 Fed. Rep. 394; *Auerbach* v. *Barrett*, 214 App. Div. 279.) The plaintiff has no right of action at common law upon the original contract. (*Gellert* v. *Bank of California*, 107 Ore. 162.) The plaintiff could have no rights except such as might be acquired by assign-

ment from the payees subject to the provisions of the Negotiable Instruments Law. (Neg. Inst. Law, §§ 160, 183, 184, 260, 262, 264, 267; *Auerbach* v. *Barrett*, 214 App. Div. 279; *Sokoloff* v. *National City Bank*, 130 Misc. Rep. 66; 223 App. Div. 754; 250 N. Y. 69; *Harden* v. *Boyce*, 59 Barb. 425; *Ferrari* v. *First Nat. Bank*, 246 N. Y. 382; *Reed* v. *Spear*, 107 App. Div. 144; Paton Digest of Banking Laws, § 2000.) The plaintiff cannot maintain this action to recover back the money paid to defendant. (*Suse* v. *Pompe*, 8 C. B. [N. S.] 538; *Auerbach* v. *Barrett*, 214 App. Div. 279; *American Express Co.* v. *Cosmopolitan Trust Co.*, 239 Mass. 249; *Grossman* v. *Zaro*, 119 Misc. Rep. 713; *Krinsky* v. *Bank of United States*, 123 Misc. Rep. 924; *Bank of United States* v. *National City Bank*, 123 Misc. Rep. 801; 214 App. Div. 716; *Gross* v. *Mendel*, 171 App. Div. 237; 225 N. Y. 633; *Gelfand* v. *State Bank*, 172 N. Y. Supp. 99; *Simonoff* v. *Granite City Nat. Bank*, 279 Ill. 248.)

KELLOGG, J. Peter J. Schweitzer, of whose last will the plaintiff is executrix, on November 5, 1917, paid the defendant $2,059.74, and took from it two drafts, one for 10,000 rubles payable to his sister Lea Margolin, and the other for 5,000 rubles payable to his sister Gissia Garbowitzka. The drafts were drawn by the defendant on "Azow Don Commerz Bank, Petrograd, Russia," in which the defendant then had on deposit more than 15,000,000 rubles. The drafts were intended by Schweitzer as gifts to his sisters, who lived at Ekaterinoslav, in southern Russia, about 1,000 miles distant from Petrograd. The drafts, forwarded by Schweitzer, were received by his sisters on or about December 1, 1917. At this time the Azow Don Commerz Bank at Petrograd had been closed and its assets seized by the Soviet government. The sisters made no presentment of the drafts at Petrograd for the reason that all rail connection between that city and Ekaterinoslav had been cut off, and neither

travel nor mail communication between the two cities was possible. They made presentment at ‌ branch bank of the "Azow Don " at Ekaterinoslav, but payment was refused. In December, 1921, the sisters returned the drafts to the plaintiff, as the executrix of the will of Peter Schweitzer, then deceased, by whom they were in due course received. They likewise notified the defendant to make payment to the plaintiff. This suit was thereupon brought, not to recover upon the drafts, as if the payees had transferred their interests therein to the plaintiff, but to obtain restoration of the moneys paid in procurement of the drafts, as upon a total failure of consideration.

There have been instances where persons, having paid over moneys and received in return promissory notes payable to third persons, who thereafter refused to accept and discount the notes, have had recoveries in suits upon the instruments brought in their own names. (*Sutherland State Bank* v. *Dial,* 103 Neb. 136; *Spurrier* v. *Briggs,* 17 Ind. 529; *Ward* v. *Northern Bank of Kentucky,* 14 Ky. 351; *Hunt* v. *Aldrich,* 27 N. H. 31; *Barrick* v. *Austin,* 21 Barb. 241.) It has been said that, in such a case, a holder for whose benefit the note is made, may treat the named payee as fictitious and recover in his own name as if the name given were a designation of himself. (*Matter of Pendleton Hardware Co.,* 24 Ore. 330; *Hunt* v. *Aldrich, supra.*) The cases are not applicable here, for the sisters, named as payees in these drafts, were genuine persons, and the instruments had actually been delivered to them. Thus, the promises embodied in the drafts, purporting to run to them, having come to hand, were binding obligations to which they had exclusive title. Moreover, since presentment was impossible, the drafts had become unconditional obligations of the drawer, fully enforcible against it by the payees named therein. (Neg. Inst. Law,; Cons. Laws, ch. 38, § 142.) There is a case, also, where it was held that an administratrix of a person, who had procured a draft to be made payable to a third person and died

before transmission of the draft to the named payee, without presentment to the drawee, was entitled to a recovery against the drawer. (*Gellert* v. *Bank of California*, 107 Ore. 162.) Whatever the theory of recovery may have been, the principle is not applicable here, since these drafts, having become perfected obligations in the hands of the payees named, were exclusively owned by them.

A person who pays moneys to a bank and receives in return a draft drawn by it upon a correspondent bank, has frequently been termed a purchaser of the draft. (*Gravenhorst* v. *Zimmerman*, 236 N. Y. 22; *Carmen* v. *Higginson*, 245 Mass. 511; *Gompertz* v. *Bartlett*, 2 El. & Bl. 849.) In strictness he may not be a purchaser, since he receives for his money no obligation then *in esse* but causes, by his payment, the initiation of new promises. However, he makes an exchange, paying his money and receiving in return the promises of the drawer to make payment in accordance with the express or implied terms of the draft. If the promises are issued to him, they are integrated in the draft. If they are issued to third persons, as named payees, they are likewise integrated in the draft. In the latter case, generally speaking, the person paying is the recipient of no promises made to himself and, therefore, he is in no position to claim that, because of unperformed promises, he is entitled to a return of his moneys, as in an action for money had and received.

It has been said that "Under this head may also properly be included the class of cases in which it has been held that the vendor who sells bills of exchange, notes, shares, certificates and other securities, is bound, not by the collateral contract of warranty, but by the principal contract itself, to deliver as a condition precedent that which is genuine, not that which is false, counterfeit or not marketable by the name or denomination used in describing it." (Benjamin on Sales [4th Am. ed.], § 607.) (See, also, *Meyer* v. *Richards*, 163 U. S. 385; *Gompertz* v.

*Bartlett, supra; Young* v. *Cole*, 3 Bing. N. C. 724; *Flynn* v. *Allen*, 57 Penn. St. 482; *Webb* v. *Odell*, 49 N. Y. 583.) It may be that the defendant, in issuing the drafts in suit, represented them to be genuine drafts upon a presently existing bank and that they were in all other respects that which they purported to be. Even if these representations were made to Schweitzer, who paid for the drafts; even if Schweitzer might have had a remedy, were the representations false; the fact is that no representations which may have been made were otherwise than true. The drawee in each instance was a genuine bank; it was in existence to receive presentments when the drafts were drawn. It is not possible to discover a representation, express or implied, made to Schweitzer, which was not true; nor a promise made to him as promisee which can be said to have been unperformed. Therefore, the remedy of quasi-contract, and all remedies herein sought, must fail.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.