Per Curiam.

The important issues in this action by a nonresident against a foreign corporation are whether defendants’ motion to dismiss the complaint should have been granted on the ground that the court lacked jurisdiction, and on the further ground of failure to establish a cause of action.
The jurisdictional question involves the application of subdivision 3 of section 225 of the General Corporation Law, i.e., did the cause of action pleaded arise within this State? The Appellate Division found that the cause of action, if any, arose in Cuba, and accordingly reversed a judgment of Special and Trial Term in favor of plaintiff and dismissed the complaint. We think the Appellate Division erred in resting its jurisdictional determination on the cases of Amsinck v. Rogers (189 N. Y. 252) and Swift & Co. v. Bankers Trust Co. (280 N. Y. 135) which dealt with problems of choice of law. Whether jurisdiction exists under section 225 must be determined upon the facts pleaded without regard to applicable -law... Fairly read, v the complaint alleges a wrong occurring within New York.
*38 Plaintiff purchased from Industrial in Cuba a United States currency draft upon the Colonial Trust Company in New York City, payable to her order. She paid the equivalent amount of Cuban pesos and all charges and taxes incident to the purchase and transfer of dollars. Industrial later repudiated its agreement by directing Colonial not to pay the draft when presented.
• Defendants’ answers admit that Industrial issued the draft and that it was not paid upon presentment but otherwise deny the allegations of the complaint. They also plead the affirmative defenses of lack of jurisdiction of the subject matter, fraud and illegality under Cuban law.
On the facts of this case, i.e., a draft payable to the person who purchased it, there is a necessarily implied promise by the drawer not to affirmatively interfere with the contemplated performance of the drawee. (Cf. Schweitzer v. Fargo, 255 N. Y. 60, 64.) Nothing contained in the cases relied upon by the Appellate Division, which deal with choice of law, militates against the conclusion that the order countermanding payment took effect upon- its receipt by Colonial in New York, and, unless excused, gave rise to a cause of action here under section 225. Upon the point that a cause of action arises where that is done which should not be done, Hibernia Nat. Bank v. Lacombe (84 N. Y. 367) is still sound law. Special and Trial Term, therefore, properly took jurisdiction of this action, and, in our opinion, for reasons somewhat different from those there relied upon, properly disposed of the affirmative defenses raised by defendants. We are of the further opinion that remission to the Appellate Division for the purpose of passing on the affirmative defenses and for review of the questions usually involved in an exercise of discretion is unnecessary.
Plaintiff’s failure to present the draft before it became overdue affords no defense to this action under New York law, which here governs questions of presentment (Swift & Co. v. Bankers Trust Co., 280 N. Y. 135, supra). Not only is no question of damage to a drawer through a drawee’s insolvency involved but, under section 139 of the Negotiable Instruments Law, defendant, having countermanded payment, waived presentment on the ground that it had no right to expect that the drawee would pay.
*39 As we read the clearly stated Cuban currency regulations existing at the time of this transaction, plaintiff’s written application for the sale of the draft was in full compliance with them. The alleged falsity of plaintiff’s declaration in the application that the transaction was for a required commercial purpose, i.e., investment in realty in the United States, has not been and now cannot possibly be demonstrated, since the funds were denied plaintiff after her arrival in the United States. It is clear, moreover, that no attempted confiscatory act of the Cuban government, thereafter enacted, could diminish plaintiff’s rights in respect to Industrial’s funds at all times located in New York. The case of United States v. Pink (315 U. S. 203) has no application here. There being no present policy of the executive branch of the United States Government requiring acquiescence in the confiscatory acts of the Cuban government, the well-known policy of this State against such acquiescence is operative. (Vladikavkazsky Ry. Co. v. New York Trust Co., 263 N. Y. 369; Moscow Fire Ins. Co. v. Bank of New York, 280 N. Y. 286.)
Defendants moved for a postponement of trial and, later, for a new trial, in order to obtain expert witnesses to testify (1) as to the effect of Cuban decrees which we deem irrelevant, and (2) as to the effect of Cuban parol evidence rule which, it is asserted, would hold this transaction to be a completed sale of a. draft— which conclusion we assume, but find not to affect the result. The denial of defendants’ motion by Special and Trial Term does not, therefore, in any way prejudice defendants.
Under the view we take of this case, the proof offered by defendants through those witnesses could not alter our disposition of the questions of law which we decide on the admitted facts and documentary proof without resort to any parol evidence. Defendant Industrial having taken plaintiff’s pesos and having exacted the full commission and taxes on the transaction was under a duty to refrain from doing anything which would tend to prevent the payment of the draft issued by it to the plaintiff purchaser. The countermand of payment issued to Colonial in New York constituted a wrong and breach of contract committed by Industrial in New York against plaintiff.
The judgment below should be reversed and that of the Supreme Court reinstated, with costs in this court and in the Appellate Division.