Eugene A. WAHL and Vibra Screw, Inc., Plaintiffs,

v.

Percy FOREMAN, Defendant.

No. 74 Civ. 5746.

United States District Court, S. D. New York.

July 25, 1975.

Cleary, Gottlieb, Steen & Hamilton, New York City, for plaintiffs; Henry M. Fields, New York City, of counsel.

Percy Foreman, Houston, Tex., pro se.

METZNER, District Judge:

Defendant Percy Foreman moves to dismiss the complaint for lack of in personam jurisdiction, for improper venue, or alternatively, for failure to state a claim upon which relief may be granted. He further requests, should the motion to dismiss be denied, that the action be transferred to the Southern District of Texas on the ground of forum non conveniens.

Plaintiff Eugene A. Wahl, a citizen of New Jersey, is the owner of Letters Patent No. 3,173,583 [the "Wahl Patent"]. Plaintiff Vibra Screw, Inc., a corporation organized under the laws of New Jersey, and with its principal place of business in that state, is the exclusive licensee under the patent. Defendant is a citizen of Texas and an attorney admitted to the bar of that state. Jurisdiction is based on diversity of citizenship.

On November 13, 1969, the Wahl Patent was declared invalid in an infringement action in the District Court for the Southern District of Indiana. On December 18, 1969, the same plaintiffs commenced an action for alleged infringement against another defendant in the Western District of Kentucky. On May 3, 1971, the United States Supreme Court handed down its decision in *Blonder-Tongue Laboratories, Inc. v. University of Illinois*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), which established the defense of estoppel to an infringement claim based on a patent previously declared invalid in an action to which the plaintiff was a party. Plaintiffs assert that they were unaware of the *Blonder-Tongue* decision.

In late May 1971, plaintiffs contacted defendant about the possibility of his taking over their patent litigation. A meeting was arranged which, at Fore-

man's request, was held in his New York City hotel room. Plaintiffs paid a fee of $2,500 for defendant to examine the situation and evaluate what action could be taken. Plaintiffs assert that the reason for their interest was his reputation as a litigating attorney, not for his expertise in patent matters. They believed that they needed a strong courtroom advocate in light of the result of the Indiana action.

In July 1971 there was another meeting in defendant's New York City hotel. The complaint states that Foreman agreed to take over the Kentucky case, to personally supervise plaintiffs' patent problems, engage patent counsel and local counsel in Kentucky, personally participate in all material courtroom proceedings, and employ his courtroom skills. The agreement was to terminate at the conclusion of the trial in the district court. For this Foreman was to receive a flat fee of $202,000, paid in two advance installments, from which he would compensate other counsel. These payments were made by plaintiffs, $78,500 on July 30, 1971, and the balance on February 23, 1972.

Allegedly, Foreman never told the plaintiffs at any time that *Blonder-Tongue* rendered a trial on the merits in the Kentucky action a virtual impossibility unless the Indiana decision was reversed on appeal.

At the time Foreman entered the case, an appeal of the Indiana decision had already been filed in the Seventh Circuit Court of Appeals. On August 30, 1971, the invalidity ruling was affirmed by that court, reargument was denied on November 2, 1971, and certiorari was denied by the Supreme Court on March 20, 1972.

In April 1972, summary judgment was granted against plaintiffs in the Kentucky action. Plaintiffs requested the return of that part of the fee paid to Foreman which had not been used, in that no trial had ever occurred. Fore-

man refused, stating that he had never guaranteed success, and that the fee agreement was for a flat amount.

Plaintiffs brought this action to rescind the agreement and to recover the fee paid, less a set-off for the fair value of services rendered. The claims are based on mistake, negligence, fraudulent omission, frustration of the agreement, impossibility of performance and for breach of contract.

■ Foreman argues that the court lacks in personam jurisdiction over him on two theories. First, he claims that service was improper in that it was effected on Martha Allen, a secretary in his law office in Houston, Texas. It should be noted that, in addition, a copy of the summons and complaint was also mailed to 200 Carnarvon Street, Houston, Texas, which, according to plaintiffs' counsel's uncontroverted affidavit, is the last-known ascertainable home address for the defendant.

Rule 4(e) of the Federal Rules of Civil Procedure provides that service may be effected in any manner prescribed by the forum state of the district court. Thus, if defendant is subject to the long-arm statute of New York, N.Y.C.P. L.R. § 302, service may be effected by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served," and further by mailing to the last known residence. Section 308(2).

According to the affidavits submitted (none was submitted by defendant), the bases for the tort claims were committed in New York. Thus jurisdiction exists under Section 302(a)(2).

Moreover, it is uncontroverted that the meetings described above occurred within the state. The Circuit Court of Appeals for the Second Circuit has held that substantial high-level preliminary negotiations conducted in New York are

sufficient to give jurisdiction under Section 302(a)(1). *Liquid Carriers Corp. v. American Marine Corp.*, 375 F.2d 951 (2d Cir. 1967). The fact that the contract was agreed to in New York is an added factor in applying the New York long-arm statute. *Cf. Galgay v. Bulletin Company, Inc.*, 504 F.2d 1062, 1065 (2d Cir. 1974).

Accordingly, the motion to dismiss for lack of jurisdiction must be denied.

■ Defendant next argues that venue is improper. It is clear that in this case venue is proper only if the claim arose here. 28 U.S.C. § 1391(a). This question must be determined by the law of the forum. *Paragon International, N.V. v. Standard Plastics, Inc.*, 353 F.Supp. 88 (S.D.N.Y.1973). In this case the principal claims stem from an alleged fraudulent inducement and negligent omission which occurred in New York. The New York Court of Appeals stated that "a cause of action arises where that is done which should not be done." *Gonzalez v. Industrial Bank*, 12 N.Y.2d 33, 38, 234 N.Y.S.2d 210, 212, 186 N.E.2d 410, 412 (1962). Further, the interest analysis approach gives New York the greater interest in that the actions alleged against defendant occurred within the jurisdiction, and no other jurisdiction has any greater interest in protecting against the use of fraudulent inducement than does New York. *See Paragon International, N.V. v. Standard Plastics, Inc.*, *supra*. Accordingly, the principal tort claims arose in New York, and venue as to them is proper here.

■ The complaint also asserts a claim for relief for breach of contract. Considered alone there is serious question as to whether venue over this claim is proper in this district. Certainly, the New York Court of Appeals seems to have some doubts as to the rule. *Compare Gonzalez v. Industrial Bank, supra, with Intercontinental Planning, Ltd. v. Daystrom, Inc.*, 24 N.Y.2d 372, 300 N.Y.S.2d 817, 248 N.E.2d 576 (1969). However, since this claim is of minor importance in the litigation when compared to the tort claims, the entire litigation is properly here. Even if this court were to hold venue of the contract claim improper, efficient judicial administration would militate against bifurcation. *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886 (S.D.N.Y. 1974).

■ Defendant urges that the action be transferred to the Southern District of Texas based on inconvenience to himself. 28 U.S.C. § 1404(a). While it may well be a burden for a man with defendant's busy schedule to litigate an action within this district, the uncontroverted fact remains that he chose the district as the convenient location to transact business with the plaintiffs. He cannot therefore be heard to say that, in the interest of justice, venue should be changed.

■ Finally, although defendant's moving papers request dismissal of the action for failure to state a claim, he has not briefed the point. A reading of the complaint shows that it sufficiently alleges claims for fraudulent inducement, negligent omission, impossibility of performance, and mistake.

The motion is in all respects denied.

So ordered.