THE VLADIKAVKAZSKY RAILWAY COMPANY, Respondent, *v.* THE NEW YORK TRUST COMPANY, Appellant.

(Argued January 11, 1934; decided February 27, 1934.)

*Vermont Hatch, Adrian L. Foley* and *William G. Mulligan, Jr.,* for appellant. The affirmative allegations in paragraph first of the answer should not be stricken out, and the third certified question should be answered in the negative. (*Salimoff & Co.* v. *Standard Oil Co.,* 262 N. Y. 220; *United States* v. *Schooner Peggy,* 1 Cranch, 103; *People ex rel. Clark* v. *Gilchrist,* 243 N. Y. 173; *Robinson* v. *Robins Dry Dock & Repair Co.,* 238 N. Y. 271.) The first separate and partial defense is sufficient in law. (*Wright* v. *Austin,* 56 Barb. 13; *Sheppard* v. *Conley,* 9 N. Y. Supp. 777; *Smith* v. *First Nat. Bank,* 151 App. Div. 317; *Des Moines Bridge & Iron Works* v. *Plane,* 163 Iowa, 18; *Matthews* v. *Matthews,* 128 Me. 495; *Mandigo* v. *Mandigo,* 26 Mich. 349; *Vail* v. *Foster,* 4 N. Y. 312; *Merchants & Mfrs. Nat. Bank* v. *Cunings,* 149 N. Y. 360; *Sexton* v. *Fensterer,* 154 App. Div. 542; 213 N. Y. 641; *Grandison* v. *National Bank of Commerce,* 231 Fed. Rep. 800; *Haggarty* v. *Pittman,* 1 Paige Ch. 298; *Wright* v. *Austin,* 56 Barb. 13; *Jones* v. *Quinnipiack Bank,* 29 Conn. 25; *Crosby* v. *Crafts,* 5 Hun, 327; 69 N. Y. 607; *Osborn* v. *Noble,* 46 Miss. 449.) The second separate and equitable defense should not have been stricken out. (*Petrogradsky M. K. Bank* v. *National City Bank,* 253 N. Y. 23; *Matter of People* [*Russian Reinsurance Co.*], 255 N. Y. 415; *Matter of People* [*Northern Ins. Co.*], 255 N. Y. 433.)

*Walter H. Pollak, Murray I. Gurfein* and *Thomas I. Emerson* for respondent. The court below correctly struck out the first partial defense. The former Russian government had no specific interest in the deposit; and the assertion of an interest in the Russian government is not available to the bank as an excuse for failure to pay its depositor. No interest by the Soviet government in the deposit is asserted — or can be asserted. That govern-

ment has repudiated the guaranty. (*Lewine* v. *National City Bank*, 248 N. Y. 365; *Erb* v. *Banco di Napoli*, 243 N. Y. 45; *Staten Island C. & B. B. Club* v. *Farmers Loan & Trust Co.*, 41 App. Div. 321; *Title Guarantee & Trust Co.* v. *Haven*, 214 N. Y. 468; *Noyes* v. *First Nat. Bank*, 180 App. Div. 162; 224 N. Y. 542; *Gledhill* v. *Schiff*, 224 N. Y. 593; *Matter of Interborough Consolidated Corp.*, 288 Fed. Rep. 334.) The second complete equitable defense is insufficient in law. (*James & Co.* v. *Rossia Ins. Co.*, 247 N. Y. 262; *Petrogradsky M. K. Bank* v. *National City Bank*, 253 N. Y. 23; *Matter of People [Russian Reinsurance Co.]*, 255 N. Y. 415; *Matter of People [Northern Ins. Co.]*, 255 N. Y. 433; *Severnoe Securities Corp.* v. *London & Lancashire Ins. Co.*, 255 N. Y. 120; 255 N. Y. 631.) The denial of corporate existence is insufficient. The Soviet decree will not be given extra-territorial force. (*Petrogradsky M. K. Bank* v. *National City Bank*, 253 N. Y. 23; *Matter of People [Russian Reinsurance Co.]*, 255 N. Y. 415; *Severnoe Securities Corp.* v. *London & Lancashire Ins. Co.*, 255 N. Y. 120; *Sokoloff* v. *National City Bank*, 239 N. Y. 158; *Huntington* v. *Attrill*, 146 U. S. 657; *McDonald* v. *Mabee*, 243 U. S. 90; *Joint Stock Co. of Volgakama* v. *National City Bank*, 240 N. Y. 377; *Russian Reinsurance Co.* v. *Stoddard*, 240 N. Y. 149; *James & Co.* v. *Rossia Ins. Co.*, 247 N. Y. 262; *R. S. F. S. R.* v. *Cibrario*, 235 N. Y. 255.)

HUBBS, J. The plaintiff-respondent was a railroad corporation under the old regime in Russia. This action was brought to recover a deposit in the defendant-appellant, a bank in New York city.

The bank interposed the defenses, so far as this appeal is concerned, that a government director has not signed an order for the withdrawal of the deposit and that the surviving directors now residing in Paris, France, have no authority to withdraw the funds. It also denies that the corporation is continuing in existence. Those defenses and the denial have been stricken from the answer and

the Appellate Division has certified to this court the question of the sufficiency of the defenses and the effect of the denial. The questions certified are as follows:

" 1. Is the first separate and partial defense to the first cause of action set forth in the complaint sufficient in law upon the face thereof?

" 2. Does the matter set forth in the second complete equitable defense constitute a defense?

" 3. Was the affirmative allegation in paragraph first of the answer properly stricken out? "

The bank does not assert in the answer that it owns the fund on deposit with it or that it has a lien upon it. It does assert in its first separate and partial defense that an interest exists in the fund in favor of a former Russian government, a third party, not a party to this action. As a basis of such partial defense, it alleges that in 1900 the Wladikawkas Railway Company issued interest-bearing bonds which were unconditionally guaranteed by the Imperial Russian government and that certain of those bonds were sold to and are now owned by citizens and residents of this State; that from time to time, money was deposited with the defendant bank, in an account denominated " Wladikawkas Railway Company Account " for the express purpose of paying specified coupons on those bonds; that on January 20, 1915, there remained a balance in such account of three dollars; that prior to September, 1918, other remittances were received by defendant through and by order of the Minister of Finance of the Russian government so that there remained thereafter in that account $46,584.18; that in April, 1915, a signature card was filed with the defendant bank bearing the signatures of the persons authorized to withdraw the funds from that account and providing that for the withdrawal of funds the signature of three directors and a government director were required. It is also alleged that the Russian government has never through a director appointed by it

requested the withdrawal of the fund and that the Russian government has such an interest in the fund that the defendant is prohibited from making any payment therefrom without its order and consent.

It is also alleged that in 1918, " under the ordinances and decree of the sovereign government of Russia, said Vladikavkazsky Railway Company was liquidated and nationalized, its property confiscated or taken over by said government, and it has continued since said time, and is now, wholly insolvent."

It is not alleged in the complaint that the money deposited in the account was the money of the railroad company. The allegation is that the money was deposited " in the name and to the account and order of plaintiff." It is not disputed that the money was deposited in the name of and to the order of plaintiff. The answer does not allege that the money deposited was that of the Russian government. We cannot assume that it was money of the Russian government, as it appears from other allegations of the answer in referring to other deposits, that when the defendant desired to do so it specifically denied that certain funds (not here involved), deposited with it, was the money of the railroad company and alleged specifically that such other deposit was made from government funds.

This is an action at law. In such an action the mere assertion by a defendant bank that a deposit was made in an account of a plaintiff by a third party does not justify a bank in refusing to pay over to the party in whose name the fund is deposited. (*Petrogradsky M. K. Bank* v. *National City Bank*, 253 N. Y. 23; *Lewine* v. *National City Bank*, 248 N. Y. 365; *Parks* v. *Knickerbocker Trust Co.*, 137 App. Div. 719, 722.)

Stripped of the conclusion of law that the Russian government has an interest in the fund, the only allegations of fact to sustain the defense are that the fund was deposited through and by order of the Minister of Finance;

that the Russian government was guarantor of the bonds and interest coupons and that a signature card required the signature of the government director for the withdrawal of funds.

The fact that the Imperial Russian government guaranteed the payment of the bonds with interest did not give it any legal interest in the money deposited in the defendant bank, especially as the answer does not allege that the money deposited was the money of the Russian government. The deposit, made with the intent and for the purpose of paying the interest coupons, did not vest a legal interest in the funds deposited in any one except the railroad corporation in whose name the bank account stood. The deposit created the relation of debtor and creditor between the railroad company and the defendant bank. The account remained subject to the control of the railroad company and it had the legal right, as against the bank, to withdraw the funds at its pleasure to be used for any purpose which it desired. The answer does not assert that a trust was imposed by the Imperial Russian government or that any agreement was entered into between that government and the bank. (*Staten Island C. & B. B. Club* v. *Farmers Loan & Trust Co.*, 41 App. Div. 321; approved in *Title Guarantee & Trust Co.* v. *Haven*, 214 N. Y. 468, and in *Erb* v. *Banco di Napoli*, 243 N. Y. 45; *Noyes* v. *First Nat. Bank*, 180 App. Div. 162; affd., 224 N. Y. 542; *Gledhill* v. *Schiff*, 224 N. Y. 593; *Matter of Interborough Consolidated Corp.*, 288 Fed. Rep. 334; certiorari denied, *sub nom. Porges* v. *Sheffield*, 262 U. S. 752.)

The signature card filed with the bank by the railroad company requiring the signature of three directors and of a government director was a revocable instrument which it could alter or withdraw. In any event, the Russian government has repudiated the payment of the bonds and interest, and the answer does not allege that there is now any government director but the contrary is readily

inferred from the answer. Under those conditions, none of the allegations of fact alleged in the first partial defense constitute a legal reason why the defendant bank should not pay over to the plaintiff the fund on deposit and the first partial defense was properly stricken from the answer.

We are also in agreement with the Appellate Division in its decision that the first complete defense and set-off should be stricken out. That defense alleges that the defendant owns due and unpaid obligations of the Imperial Russian government or the Kerensky government of Russia and has a lien upon the funds on deposit with it but fails to allege that the Russian government then was, or now is, the owner of the moneys deposited or any part thereof, and it is, therefore, insufficient in law as a complete defense or set-off and was properly stricken out of the answer.

The second equitable defense stricken out alleges in general the fact that since the nationalization of the railroad company, its directors have not functioned in the territorial limits of the Empire of Russia, but that certain individuals claim to have been elected directors before the nationalization of the company and some who claim to have been elected since are refugees from Russia residing in Paris and claim the right to act as directors. It is also alleged that there is owing to citizens of this State upon the unpaid bonds of the railroad company large sums of money and that the persons claiming to act as directors intend to take the proceeds of any recovery into foreign jurisdictions and distribute the same among themselves or to persons claiming to be stockholders; that it would be inequitable and contrary to the law of this State to permit that to be done without first providing for the payment of creditors within the State. The defendant prays that if it be determined that there is money due from it to the plaintiff, " such sum shall be marshalled and the court shall make distribution thereof." Nowhere

in the answer does the defendant plead the Russian law or make any claim under the law of Russia but expressly bases its defenses upon the law of this State.

We do not have a State liquidator or an officer with like powers. Even if we did, the defendant in this law action could not avail itself of the defense that the assets of the plaintiff should be marshalled and paid to the creditors in this State. (*Petrogradsky M. K. Bank* v. *National City Bank, supra.*)

Specifically, the defense pleads that the directors are acting without authority and that if successful, they will make an improper use of the money recovered. For the reasons stated in the case of *Petrogradsky M. K. Bank* v. *National City Bank* (*supra*) we believe that the defense was properly stricken out. The bonds by their terms became void after the expiration of ten years after their due date. Eleven years had expired after the due date of the coupons before this action was commenced and no proceeding had been commenced to recover the fund. The property of the railroad company had been confiscated, the corporation dissolved and the present Russian government had repudiated its obligation on the bonds. Under such circumstances, this court has definitely decided that as between a bank holding such funds and the surviving directors of such a corporation, the funds should be paid over to the corporation, represented by its surviving directors; that while such a corporation had ceased to exist in the home of its creation, it still retained a legal existence in this jurisdiction sufficient to maintain an action to recapture its assets. (*Petrogradsky M. K. Bank* v. *National City Bank, supra.*)

It should be borne in mind that this is not an action in equity as was *Russian Reinsurance Co.* v. *Stoddard* (240 N. Y. 149).

We would entertain little, if any, doubt as to the correctness of the decision of the Appellate Division were it not for the fact that since that decision was rendered, our

Federal government has entered into diplomatic relations with the Russian government and recognized it as a *de jure* government. In the case at bar, as in the other Russian cases which came to this court before the recognition of the present Russian government, the practical question was and is, shall the law compel a debtor in this State to pay its debt or permit it to hold the property of its creditor indefinitely? This court definitely answered the question by deciding that although the corporation in question was extinguished in its homeland and there dead in the eyes of the law, it continued its existence as " a juristic person with capacity to sue " in this State. (*Petrogradsky M. K. Bank* v. *National City Bank, supra.*)

The deposit was made in New York city, the home of the bank; that is where the contract obligation was created and where it is by its terms to be performed, entirely outside Russian jurisdiction. Laws of foreign governments have extraterritorial jurisdiction only by comity. (*Huntington* v. *Attrill*, 146 U. S. 657, 669.)

The principle which determines whether we shall give effect to foreign legislation is that of public policy. (*Russian Reinsurance Co.* v. *Stoddard, supra; Joint Stock Co.* v. *National City Bank*, 240 N. Y. 368, 377; *Russian Socialist Federated Soviet Republic* v. *Cibrario*, 235 N. Y. 255, 263.)

Where there is confliction between our public policy and comity, our own sense of justice and equity as embodied in our public policy must prevail. (*Russian Socialist Federated Soviet Republic* v. *Cibrario, supra.*)

It is hardly necessary to state that the arbitrary dissolution of a corporation, the confiscation of its assets and the repudiation of its obligations by decrees, is contrary to our public policy and shocking to our sense of justice and equity. That the confiscation decree in question, clearly contrary to our public policy, was enacted by a government recognized by us, affords no controlling

reason why it should be enforced in our courts. (*Baglin* v. *Cusenier*, 221 U. S. 580.)

We enforce the same principle even in regard to statutes of sister States. (*Barth* v. *Backus*, 140 N. Y. 230, 239.)

The fact that the present Russian government was not recognized was not the basis of our refusal to give effect to its decrees nationalizing corporations and confiscating their property. During the period when those decisions were made, we recognized and enforced " mere ordinary legislation " relating to " every day transactions of business or domestic life." (*Petrogradsky M. K. Bank* v. *National City Bank, supra; Matter of People* [*First Russian Ins. Co.*], 255 N. Y. 428, 432.)

Prior to recognition we clearly intimated that our decision would have been the same if at the time recognition had been granted. (*James & Co.* v. *Second Russian Insurance Co.*, 239 N. Y. 248, 257.)

The general statement contained in the opinion in *Salimoff & Co.* v. *Standard Oil Co.* (262 N. Y. 220) to the effect that recognition of a *de facto* government as a *de jure* government is retroactive in effect and validates all the acts of the government so recognized from the commencement of its existence, must be read in connection with its context and as so read it did not refer to acts sought to be given effect extraterritorially.

The order of the Appellate Division should be affirmed, with costs; the first and second of the questions certified answered in the negative and the third in the affirmative.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and CROUCH, JJ., concur; KELLOGG, J., not voting.

Ordered accordingly.