Otto Anninger and Others, Copartners Doing Business under the Firm Name and Style of Wm. Abeles & Co., Plaintiffs, v. Irving Hohenberg and Others, Copartners Doing Business under the Firm Name and Style of M. Hohenberg & Co., Defendants.

Supreme Court, Special Term, New York County, December 7, 1939.

*Boochever, McManus & Ostrow,* for the plaintiffs.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the defendants.

Collins, J. The defendants, who admittedly owe the plaintiffs $8,572.58, seek permission under section 51-a of the Civil Practice Act, to notify Josef Schmied, administrator and liquidator of the plaintiffs' business in Austria, of the pendency of this action so that Schmied might assert whatever claim he has to funds of the defendants, attached here in satisfaction of plaintiffs' concededly valid demand.

The facts are free from dispute. Since 1872 the plaintiffs, who are Jews, were in business in Austria. When the German Reich enveloped Austria, the plaintiffs' business was seized and appropriated by the Reich solely because of plaintiffs' race, and Schmied proceeded to " liquidate " the business. One of the plaintiffs was imprisoned. Ransomed for $34,000, he left the country, and is here.

The defendants desire to pay what they owe the plaintiffs, but fear the pretended claim of the liquidator. They want the liquidator to contest his claim in this action. Naturally enough, they wish to escape double payment.

The funds are here and they belong to the plaintiffs. The liquidation process is sheer confiscation. Any claim which the liquidator might assert would be predicated upon a fiction which would receive no recognition in our courts. Consequently, to bring the liquidator in as a claimant would be a useless procedure; it would be akin to erecting a straw man for the sole purpose of striking him down. To grant this motion would be an acknowledgment that the claim of the liquidator in Austria has a status here. Put differently, it would mean that our courts will not only recognize but render assistance to the confiscatory, proscriptive policies of the German Reich. To this doctrine I am unwilling to subscribe. To be sure, we may be powerless to extend the jurisdiction of this court to Austria, but when it is essayed to invoke our legal weapons to execute policies which are rejected here, we can and do refuse to lend our aid. We can stay the liquidator's hand when it attempts to seize that which is here, and which belongs to the plaintiffs. Why, then, protract this litigation to receive an immoral claim, a claim which has no foundation in fact or civilized law? (*Loeb* v. *Bank of Manhattan Co.*, N. Y. L. J. June 30, 1939, p. 3022).

The section under which the defendants proceed is not so mandatory as to forbid inquiry. If on the presentation of a motion under the section it is manifest that the claimant sought to be notified and invited to contest has no claim which would be seriously entertained, it would be a waste of time and effort, and grossly unjust to the plaintiffs, to continue the machinery fashioned by the section. Obviously, the section was designed to shield one in a genuine dilemma as to which of several claimants was entitled to funds or property in his hands. The section should not be allowed to be employed as an instrument of persecution or in a campaign based upon racial discrimination. Of course, a decision on the merits is not permissible. But the court may inquire into the possible *presence* or *existence* of merits. The section is not concerned with the futile operation of chasing shadows or with inviting the litigation of illusory demands. Our courts are not helpless to penetrate the disguise of law. (*Post* v. *Emmet*, 40 App. Div. 477; *Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281.)

Unable to perceive that the liquidator can assert anything but a simulated claim to the funds, the defendants' motion is in all respects denied.

On reargument, December 21, 1939.

COLLINS, J. Motion by the defendants for reargument is granted. The recent precedents cited by the defendants as forcing a reversal of the first decision, do not, as I perceive it, necessarily compel such a result. The facts in those cases were different and not as conclusive as those here. To be sure, the language of section 51-a

of the Civil Practice Act appears to be of a mandatory character; but I cannot believe that merely because it is asserted that another is a claimant, the court is deprived of all power to make any inquiry whatsoever to ascertain whether the alleged claim is fanciful or authentic. An examination of the merits is, of course, precluded. But if it is palpable that a proposed claimant is not in reality a claimant, if he is not a claimant as a matter of law, he should not be accorded that status even to the extent of inviting him to assert his pretensions. The facts here are not in dispute. No additional proof could be added. We know now what the claim of the liquidator is and we know now the basis of the claim. Knowing all this now, it is inexplicable to me why we should close our eyes and minds to the obvious and go through unnecessary form and motion. The defendants are, of course, entitled to protection against double payment. Were such a contingency dependent upon the granting of the motion I would be obliged to do so. But I am not convinced that the defendants might suffer such penalty by declining to notify the proposed claimant to intervene. I recognize that the question is not entirely lifted from the range of debate; more than a modicum of cogency cleaves to the defendants' argument. But I cannot bring myself to lend assistance to what impresses me as a scheme of nefarious expropriation. I feel impelled, therefore, to adhere to the original decision.