John E. Cone, J.
Application by the receiver appointed by this court directing Farr, Whitlock & Co. to turn over and transfer to him the moneys held by such company. The receiver was appointed pursuant to section 977-b of the Civil Practice Act. Subdivision 19 thereof specifically states that the title to all the assets, credits and property belonging to the defendant or to which it may he entitled shall immediately vest in the receiver. Subdivision 20 further provides that any receiver appointed pursuant to the aforesaid section shall be deemed to have obtained possession of all the assets, credits, choses in action and property, upon the service of a copy of the order appointing such receiver upon the person or firm holding the same. Under the circumstances, the receiver was entitled to such assets immediately upon the service of the order on the above-named company. It is interesting to note that the application of the defendant to vacate the appointment of the receiver was denied by Mr. Justice Schwartzwald (N. Y. L. J., Sept. 8, 1960, p. 12, col. 7). The court, under the circumstances, is bound by the decision of Mr. Justice Schwartzwald in sustaining the receivership. The claim by the defendant and the others that the funds involved be retained by the present holder until the Appellate Division passes upon the decision of Mr. Justice Schwartzwald [affd. 12 A D 2d 506] is of no weight, as such application should have been made to the appellate court and not in this proceeding. As to the question of title to the funds, it may well be that the Cuban Government acquired title to the same through nationalization. However, the acquisition under such circumstances is opposed by the defendant and by the receiver, who has title to the property of the defendant in the State of New York pursuant to subdivision 19 of section 977-b of the Civil Practice Act, subject of course, to the establishment of true ownership, which can only be determined by the court after trial. In any event, our courts have held that nationalization decrees of foreign governments are repugnant to the public policy of the State of New York (Vladikavkazsky Ry. v. New York Trust Co., 263 N. Y. 369 ; Bollack v. Societe Generale, 263 App. Div. 601 ; Augstein v. *357 Banska A Hutni Akciova Spolecnost, 124 N. Y. S. 2d 446, mod. on other grounds 282 App. Div. 929). While the assets of the defendant may have been “nationalized” the courts of this State deny any validity to effect such nationalization as to the assets within the State of New York (see Bollack v. Societe Generale, supra. Accordingly the motion is granted. The funds are to be deposited with the Kings County Trust Company to be held by it subject to the further order of the court and not to be withdrawn except on such order. This disposition obviates the necessity of the receiver filing an additional bond and charging the estate with the premium. The order shall further provide for the payment to Farr, Whitlock & Company of the sums rightfully due it for commissions, etc.