**COMPANIA RON BACARDI, S.A.,**
Plaintiff,

v.

**BANK OF NOVA SCOTIA, Defendant.**

United States District Court
S. D. New York.
April 21, 1961.

Rogers, Hoge & Hills, New York City, for plaintiff, James F. Hoge, Alfred P. O'Hara and Reka Potgieter Hoff, New York City, of counsel.

Shearman & Sterling, New York City, for defendant, Chauncey B. Garver, Henry Harfield and William Harvey Reeves, New York City, of counsel.

PALMIERI, District Judge.

In this challenge to plaintiff's capacity to bring suit, defendant relies upon the provision of Fed.R.Civ.P. 17(b), 28 U.S. C.A., that "the capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Plaintiff was a Cuban corporation and, prior to the commencement of this action, the present Cuban government promulgated a nationalization law which purports to terminate plaintiff's existence as a privately owned entity.[1] However, plaintiff's directors, having resolved to continue the company's life and activities, have established an office in New York, qualified to do business here,[2] and have sued to determine the company's rights to sums and securities deposited with defendant in New York.

---

1. No compensation for the seizure of plaintiff's plants and properties has been promised or proffered by the Cuban government.

2. Following a directors' meeting in Miami, Florida, on Nov. 25, 1960, the regular stockholders' meeting was noticed for Feb. 15, 1961. At the stockholders' meeting, held in New York, 68,064 of the 70,-000 shares entitled to vote were represented. A resolution to approve the determination of the Board to continue the existence of the company was unanimously carried. See A/S Merilaid & Co. v. Chase National Bank, 1947, 189 Misc. 285, 71 N.Y.S.2d 377.

To resolve the question of plaintiff's standing, it is unnecessary to examine the legality of the nationalization of the company under international law, cf. Banco Nacional De Cuba v. Sabbatino, D.C.S.D.N.Y., 193 F.Supp. 375, and the validity of the Cuban government decree insofar as it relates to property within the confiscating state. Cf. Bernstein v. Van Heyghen Freres Societe Anonyme, 2 Cir., 163 F.2d 246, certiorari denied, 1947, 332 U.S. 772, 68 S.Ct. 88, 92 L.Ed. 357. Since the assets involved in this litigation are in America, the issue of plaintiff's capacity to seek adjudication on the merits in this court is to be determined by our national policy. See A/S Merilaid & Co. v. Chase National Bank, 1947, 189 Misc. 285, 71 N.Y.S.2d 377; cf. State of Netherlands v. Federal Reserve Bank, 2 Cir., 1953, 201 F.2d 455; Bollack v. Societe Generale, 1942, 263 App.Div. 601, 33 N.Y.S.2d 986; Vladikavkazsky Ry. Co. v. New York Trust Co., 1934, 263 N.Y. 369, 189 N.E. 456, 91 A.L.R. 1426; Zwack & Co. v. Kraus Bros. & Co., 2 Cir., 1956, 237 F.2d 255, 258–259; Notes, 65 Harv.L.Rev. 1463 (1952); 57 Yale L.J. 108 (1947). With respect to the status and acts of the Cuban government, United States executive expressions at this time leave little doubt that the national policy to be followed by American courts requires that the standing of this plaintiff be recognized. See Cuba, U.S. Department of State Publication No. 7171, released April 1961, Office of Public Services, Bureau of Public Affairs. In the event of a change of official policy in this critical area during the pendency of the lawsuit, the disposition of the preliminary challenge will not prevent the court from appropriately adjusting the respective rights of the parties. Cf. United States v. Pink, 1941, 315 U.S 203, 62 S.Ct. 552, 86 L.Ed. 796 (American foreign policy determined by executive branch required that rights in confiscated property assigned to the United States by the Soviet government be enforced by the court); Zwack v. Kraus Bros. & Co., D.C.S.D.N.Y.1954, 93 F.Supp. 963, 966 ("our courts do not recognize the confiscatory acts of foreign governments when those acts purport to affect property [outside] the territorial jurisdiction of that government, unless a national policy of the United States Government requires that such extra-territorial effect should be given.")

In sum, defendant's challenge on the issue of corporate existence is denied on the ground that the public policy of our nation is antithetical to the recognition of the Cuban government's confiscatory decree with respect to property outside Cuba; and on the further ground that under the extraordinary situation presented here the directors and the large majority of the shareholders must be deemed to have had the necessary power to act for the corporation in authorizing the continuation of its business from a new seat and the conservation of its assets outside of Cuba.

See order filed herewith.