William Lyman, J.
Defendant moves, pursuant to rule 107 of the Rules of Civil Practice for a dismissal of the complaint upon the ground that the court does not have jurisdiction of the action and upon the further ground that plaintiff lacks legal capacity to sue and, further, for relief pursuant to section 51-a of the Civil Practice Act, requiring that notice be given to four alleged adverse claimants.
It is alleged in the complaint that plaintiff is a foreign corporation duly organized under the laws of the Republic of Cuba, and that all the stockholders of the plaintiff are residents or citizens of the United States. At a special meeting of stockholders held on October 25, 1962, at which were represented 96.34% of the outstanding shares, the stockholders resolved to continue plaintiff’s life and activities and to take appropriate action, including the commencement of this action, to preserve the assets of the plaintiff located outside Cuba. It is further alleged that the defendant is a banking corporation organized *10 under the laws of Canada, with an office and place of business at 37 Wall Street, New York, N. Y.; and that on January 6,1961 plaintiff deposited with the defendant the sum of $55,500 and, at plaintiff’s instructions, defendant did establish a letter of credit in favor of a named German corporation. Such letter was established pursuant to a contract between the plaintiff and the German corporation, which has been cancelled; and the defendant has no further liability to the German corporation. It is further alleged that the German corporation withdrew the sum of $26,500, and the sum of $29,000 remains on deposit with the defendant, concerning which the German corporation has no further right. The sufficiency of the complaint is not brought into issue. Thus it appears sufficient for the purpose of pleading that, while plaintiff is a foreign corporation, almost all its stockholders are here and, for aught that appears, the defendant is here. The court has jurisdiction of the subject of the action (General Corporation Law, § 225, subd. 4). The parties have argued the point on the basis of forum non conveniens. While the contract in suit was made in Canada and there to be performed ; yet the balance is not so strongly in favor of defendant as to warrant exercise of discretion in its favor. Nor does it appear that retention of jurisdiction will work any injury. It is not needful to offer further impediment to the plaintiff in addition to its effort to hold free from the grasp of the Castro government any assets which may be found here.
The contention that plaintiff has not legal capacity to sue is rested on the subject letter of credit and the argument that it was opened for the benefit of another. Nevertheless, it does recite that it was opened for the account of plf mtiff. The matter may be pleaded as defense.
The application for relief pursuant to sect! 51-a of the Civil Practice Act is likewise without merit. Alleged adverse claimants are either the Castro government or its creatures. Giving notice to such claimants would lend recognition to acts of that government deemed invalid and which are not recognized (Compania Ron Bacardi v. Bank of Nova Scotia, 193 F. Supp. 814). There is no showing that any alleged claimants may sue in our courts (Koninklijke Lederfabriek v. Chase Nat. Bank, 177 Misc. 186, affd. 263 App. Div. 815; Anninger v. Hohenberg, 172 Misc. 1046; Amstelbank, N. V. v. Guaranty Trust Co., 177 Misc. 548).
For the reasons indicated, the motion is denied in all respects.