ESTONIAN STATE CARGO & PASSENGER S. S. LINE et al.

v.

UNITED STATES.

No. 47862.

United States Court of Claims.

Dec. 1, 1953.

Charles Recht, New York City, for plaintiff. P. A. Beck, New York City, for intervening plaintiffs.

Laurence H. Axman, New York City, with whom was Asst. Atty. Gen. Holmes Baldridge, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

This case is before the court on a motion by the intervenors to dismiss plaintiff's petition on the ground that the uncontroverted facts show that plaintiff has no title to the fund in question, nor any other claim arising out of the requisition by the defendant of the steamship *Maret*.

In both the original and intervening petitions it is alleged that the defendant requisitioned this vessel on or about September 6, 1941, and that in or about the month of June 1942, the defendant deposited in the Treasury of the United States $25,000 as a part of just compensation for the said steamship *Maret*, for the purpose of paying valid claims upon said steamship. Both petitions allege that the value of the vessel was much greater than this sum, and in each petition recovery is sought for the amount claimed to be due.

The sole issue now before us is whether the original plaintiff, the Estonian State Cargo and Passenger Steamship Line, had any title to the vessel when it was seized and, therefore, whether it is entitled to recover whatever may be determined later to be just compensation.

Plaintiff's claim of title is based on uncontroverted facts. These facts were made to appear in this way: Rule 29(b), Rules of Court of Claims, 28 U.S.C.A., provides that the Commissioner before whom a case is pending may order a party to submit to the opposing party and to the Commissioner a statement of the facts that he considers not in dispute, and order the opposite party to respond thereto within a certain time. It further provides that "the failure of either party to file within the time specified by the Commissioner, a response to such purposed agreed statement shall be taken as an admission of all of the facts set forth therein * * *." Pursuant to this rule, the following proceedings were had as shown by the Commissioner's pretrial memorandum:

"MEMORANDUM OF PRETRIAL PROCEDURE

"At a pretrial conference in the above case on February 11, 1953, attended by plaintiff, the intervenors, and the defendant, called for the purpose of exploring the possibility of amplifying the record to show the exact title of plaintiff, it was determined to proceed in accordance with Rule 29(b) of the Court.

"Accordingly, by letter of February 11, 1953, the following directions were given to the intervenors and the plaintiff:

"The intervenors are directed to submit by February 20 to the plaintiff, with copy to the Commissioner, a statement of the facts properly separated and numbered, bearing upon the plaintiff's title and right to assert title in this Court, which they consider to be not subject to controversy.

"The plaintiff shall submit its written response thereto, with copy to the Commissioner by March 23, next, agreeing to the separate items of fact or setting forth a statement modifying or rejecting the same.

"In carrying out this procedure, the parties will be governed by the provisions of said Rule 29(b) with the effect outlined therein."

On February 20, 1953, I received a copy of the intervenor's compliance with

said directive, with affidavit showing posting of the original to the plaintiff's attorneys attached, as follows:

"STATEMENT OF FACTS SUBMITTED TO THE PLAINTIFF BY INTERVENORS PURSUANT TO DIRECTION OF HON. CURRELL VANCE, COMMISSIONER, DATED FEBRUARY 11, 1953, IN ACCORDANCE WITH RULE 29(B) OF THE RULES OF THE COURT OF CLAIMS

"I. That immediately prior to the date of the claimed ownership by the plaintiff to the steamship *Maret,* the said steamship was owned by Tallinna Laevaehisus (Tallinn Shipping Company), et als., intervenors herein.

"II. That the plaintiff relies on the following decrees and enactments of the U. S. S. R. and the Estonian S. S. R.

"a. Decree of the Presidium of the Provisional Supreme Soviet of the Estonian Soviet Socialist Republic on nationalization and shipping enterprises of seagoing ships and riverboats, dated October 8, 1940, signed by President of the Presidium of the Provisional Supreme Soviet of the U. S. S. R., Joh. Vares, and Secretary of the Presidium of the Provisional Supreme Soviet of the E. S. S. R., V. Telling (Exhibit B, pages 23–24 of Intervenors' Petition).

"b. Decree No. 2131 of the Council of Peoples Commissars of the U. S. S. R. on organization of the Estonian State Steamship Line dated October 25, 1940, signed by Chairman of Council of People's Commissars of U. S. S. R. V. Molotov, and Secretary of Council of People's Commissars of U. S. S. R., M. Hlomov (Exhibit C., pages 25–27 of Intervenors' Petition).

"c. Statute of Estonian State Cargo and Passenger Steamship Line dated October 28, 1940, approved by People's Commissars of U. S. S. R. Maritime Fleet S. Dukelsky (Exhibit D, pages 28–32 of Intervenors' Petition).

"III. That the translations of the said decrees as printed in Intervenors' Petition are true and correct translations from the original Estonian and Russian languages.

"IV. That the above numbered decrees are all of the decrees or enactments of the Estonian S. S. R. and the U. S. S. R. that plaintiff relies on to show title in the plaintiff to the steamship *Maret* and its right to compensation for the requisition of the steamship *Maret* by the United States Government.

"Dated February 19, 1953.
    "Yours, etc.,
                    "P. A. Beck,
        "*Attorney for Intervenors,*
                "39 Cortlandt Street,
                    New York, 7, N. Y.
"To Charles Recht, Esq.,
    "10 E. 40th Street, New York 16, N. Y.
    "Horace S. Whitman, Esq.,
    "815 15th Street NW., Washington, D. C.,
            "*Attorneys for Plaintiff.*
"To the Attorney General of the U. S.,
    "Washington, D. C.
"To Hon. Currell Vance, *Commissioner,*
    "Washington, D. C.
"State of New York,

    "*County of New York, ss:*
"Angela J. Pepe, being duly sworn, deposes and says: That she is a clerk in the office of P. A. Beck, attorney for the within named intervening plaintiffs; That on the 19th day of February 1953 she served the within Statement of Facts upon the following at the addresses hereinafter mentioned by depositing a true copy of the same securely enclosed in a post-paid wrapper in a Post Office Box regularly maintained by the United States Government at 39 Cortlandt Street, in said County of New York, directed to said attorneys at their respective addresses, that being the address des-

ignated by them for that purpose upon preceding papers in this action, between which places there then was and now is a regular communication by mail.

"Deponent is over the age of 21 years.

"Charles Recht, Esq., 110 E. 40th Street, New York 16, N. Y.; Horace S. Whitman, Esq., 815 15th Street NW., Washington, D. C., Attorneys for Plaintiff; the Attorney General, Washington 25, D. C.

"(Signed) Angela J. Pepe.

"Sworn to before me this 19th day of February 1953.

"(Signed) Rose P. Smith.

"Rose P. Smith, Notary Public in the State of New York; qualified in Kings County; Secy. of State #24–3743200; Kings County Clerks No. 1097; Cert. Filed with Kings County Reg. Off.; Certificate Filed New York County; Commission Expires March 30, 1953.

"No response to said Statement of Facts above-quoted has been received from the plaintiff, nor has any request for additional time been received. Therefore, pursuant to Rule 29(b) it is deemed that the propositions detailed in said Statement of Facts are admitted as true.

"Respectfully submitted.

"Currell Vance,
"*Commissioner.*"

Hence, it appears that plaintiff's claim of title depends upon the decrees and charter set out as exhibits B, C, and D to the intervenors' petition.

Exhibit B is a decree of the Presidium of the Provisional Supreme Soviet of the Estonian Soviet Socialist Republic. It nationalizes all vessels such as the one involved in this suit, and charged the Council of People's Commissars of the Estonian Soviet Socialist Republic with the approval of the list of shipping enterprises subject to nationalization and with the fixing of the order of payment of compensation for the nationalized ships. Twenty-five percent of the value of the vessel was to be paid to the owners.

Exhibit C was a decree of the Council of People's Commissars of the Union of Soviet Socialist Republics (Russia) setting up the Estonian State Steamship Line to have jurisdiction within the Estonian Soviet Socialist Republic "in direct subordination to the People's Commissariat of Maritime Fleet," for the purpose of taking over the vessels previously nationalized by the decree of the Presidium of the Provisional Supreme Soviet of the Estonian Soviet Socialist Republic. The People's Commissariat of Maritime Fleet was charged with the duty of approving the statute [1] of the Estonian State Steamship Line.

Exhibit D sets out the charter, or "statute," of the Estonian State Cargo and Passenger Steamship Line. It is created as "a separate economic organization having the rights of a juridical person and acting as a self-supporting institution under the Statute, in accordance with the plan duly approved by the People's Commissariat of the U. S. S. R. Maritime Fleet." It was authorized to operate vessels turned over to it by the Union of Soviet Socialist Republic's Maritime Fleet in the carriage of cargoes and passengers between the Union of Soviet Socialist Republics and foreign ports.

Although it is not specifically so alleged, plaintiff's petition impliedly alleges that the steamship *Maret* was owned by an Estonian corporation or by private parties at the time of the promulgation of the decree of the Presidium of the Provisional Supreme Soviet of the Estonian Soviet Socialist Republic nationalizing vessels belonging to "the shipping enterprises of juridical and natural persons" in the territory of the Estonian Soviet Socialist Republic.

Plaintiff's claim of title, therefore, rests upon the credit to be accorded these decrees by the courts of this country. In brief, the situation is: the

---

1. "Statute" evidently means "charter."

steamship *Maret* was owned by private juridical persons in Estonia. Russia took over Estonia and incorporated it into the Union of Soviet Socialist Republics, and the Presidium of the Provisional Supreme Soviet Socialist Republic of Estonia promulgated a decree confiscating, called "nationalizing," all privately owned vessels in that territory, and set up the plaintiff to operate the vessels. Plaintiff, therefore, is not entitled to recover unless we are prepared to hold that these acts are to be accorded full faith and credit in the courts of this country.

 The Executive Department of our Government has refused to recognize the incorporation of Estonia into the Union of Soviet Socialist Republics and has refused to recognize the validity of any decrees issued by the Union of Soviet Socialist Republics, or of the Presidium of the Provisional Supreme Soviet Socialist Republic of Estonia relative to persons and property within the territory of Estonia. That action having been taken by the Executive Department of our Government, the courts have also uniformly refused to recognize the validity of such decrees. For example, see The Maret, 3 Cir., 145 F.2d 431, 443; Latvian State Cargo and Passenger Steamship Line v. McGrath, 88 U.S.App.D.C. 226, 188 F.2d 1000; The Florida, 5 Cir., 133 F.2d 719. We fully concur in these opinions.

Moreover, at the time of the promulgation of the decrees in question, the steamship *Maret* was in the port of St. Thomas Island, of the Virgin Islands, United States of America. Whatever validity may be accorded to such acts and decrees as to property within the territory of the country annexed, no court has ever accorded validity to them as to property outside of such territory at the time of the annexation and the decrees.

For decisions of foreign courts see Irish Law Times Report, Vol. LXXV, 153; the decision of the Supreme Court of Canada in Laane and Baltser v. Estonian State Cargo and Passenger Steamship Line, [1949] 2 D.L.R. 641; Lecouturier v. Rey, [1910] A.C. 265.

See also the decision of our Supreme Court in Baglin v. Cusenier Co., 221 U.S. 580, 31 S.Ct. 669, 55 L.Ed. 863.

Under the uncontroverted facts in this case, plaintiff is clearly not entitled to recover and its petition is therefore dismissed. The case will proceed upon the petition of the intervenors.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.