The **EXAKTA CAMERA COMPANY OF AMERICA, Incorporated,** Plaintiff,

v.

**CAMERA SPECIALTY COMPANY, Incorporated, et al.,** Defendants.

United States District Court
S. D. New York.
March 28, 1957.

James J. McDermott, New York City, Frank E. Scrivener, Washington, D. C., Charles K. Davies, Jr., Gaithersburg, Md., William D. Payne, Washington, D. C., of counsel, for plaintiff.

Holland, Armstrong, Bower & Carlson, New York City, Joseph P. Previto, New York City, of counsel, for defendants Camera Specialty Co., Inc., Max Wirgin, Wolfe Wirgin, Henry Wirgin, Exakta Camera Co.

DIMOCK, District Judge.

Plaintiff, claiming to be the owner of U. S. Trademark Registrations Nos. 314,-049 and 354,241 for the trademarks Exakta and Kine Exakta respectively, brings this action for infringement. Defendants concede that they are using these trademarks in the sale of cameras. They nevertheless make this motion for summary judgment on the ground that there is no genuine issue of fact as to plaintiff's lack of title.

The relevant facts are very simple. A partnership, known as Ihagee Kamerawerk Steenbergen & Co., of Dresden, Germany, prior to October 8, 1941, conducted a camera business and owned the trademark registrations in suit. There were six partners, five of whom were German nationals and one a Dutch national. During World War II, the Dutch national, who was the dominating factor in the partnership, was interned. In order to limit liability for losses which it was anticipated would result from his absence from management, all six partners formed a corporation, Ihagee Kamerawerk Aktiengesellschaft of Dresden, Germany. To this corporation all six partners assigned all of the partnership's assets except buildings, machinery and equipment. The excepted assets were leased to the corporation. The assigned assets specifically included the trademark registrations here involved. In return for the assignment the partners and the partnership received all of the corporation's capital stock, some shares being issued to each partner and some to the partnership as such. The partnership never thereafter manufactured or sold any cameras or made use of the trademarks.

Such of the German members of the partnership as are still alive are residents of East Germany. The Dutch member is a resident of West Germany. On October 28, 1952, while resident there, he executed, individually and "as principal owner of the partnership Ihagee Kamerawerk Steenbergen & Co., Dresden, Germany," a power of attorney to Charles K. Davis, Jr., of Gaithersburg, Maryland, authorizing him "to perform any act in connection with [a] claim based upon the trademarks Exakta and Kine Exakta against any person, firm or corporation including but not limited to, negotiating agreements, executing assignments, or licenses, bringing suit, making compromise arrangements, receiving moneys * * * and including any act or action incident thereto."

On January 15, 1953, Mr. Davis, as attorney-in-fact for the partnership Ihagee Kamerawerk Steenbergen & Co. of Dresden, Germany, purported to assign to plaintiff herein the trademark registrations here involved "together with the good will of the business with which the trademarks are used * * * and any and all * * * causes of action * * * in any way connected with the said trademarks or the good will * * * including but not limited to past and/or present trademark infringement or unfair competition by any person, firm or corporation".

To succeed on this motion defendants do not have to support their title, if any. They need only demonstrate there is no substantial issue of fact as to plaintiff's lack of title. That I think defendants have demonstrated.

Plaintiff claims through an assignment by an attorney-in-fact of the partnership. The partnership had previously assigned the trademark registrations to a corporation. The corporation had never reassigned them to the partnership. On those facts alone plaintiff is out of court.

Plaintiff, however, claims title by virtue of an added fact, the nationalization of the business by the East German Government after the close of the war. Although the trademark registrations were vested in a corporation at the time

of the nationalization, the nationalization, being allegedly void, is supposed to have given the partnership a right to them. I could at least follow the argument if plaintiff were claiming through the corporation[1] but I cannot understand why denouncing a seizure from a corporation would result in vesting the seized property in a predecessor partnership.

Defendants attack plaintiff's title on the further ground that the partnership did not actually transfer any business or good will with the trademark registrations to which they could attach. See 60 Stat. 431, 15 U.S.C. § 1060; United Drug Company v. Theodore Rectanus Co., 248 U.S. 90, 97, 39 S.Ct. 48, 63 L.Ed. 141. While it is unnecessary to consider this point since the partnership did not have title to the trademark registrations, it has no independent validity. If the partnership had had anything to assign plaintiff would have had title to the cause of action for past infringement which was expressly assigned in addition to the registrations themselves.

Motion granted.

---

1. Zwack v. Kraus Bros. & Co., 2 Cir., 237 F.2d 255; Estonian State Cargo & Pass. S.S. Line v. United States, 116 F.Supp. 447, 126 Ct.Cl. 809; James & Co. v. Rossia Insurance Co., 247 N.Y. 262, 160 N.E. 364; Petrogradsky Mejdunarodny Kommerchesky Bank v. National City Bank, 253 N.Y. 23, 170 N.E. 479, certiorari denied 282 U.S. 878, 51 S.Ct. 82, 75 L.Ed. 775; Merilaid & Co. v. Chase National Bank, 189 Misc. 285, 71 N.Y.S. 2d 377.