**Hayim KALMICH, Plaintiff,**

v.

**Karl BRUNO, Defendant.**

**No. 74 C 3187.**

United States District Court,
N. D. Illinois, E. D.

May 22, 1978.

---

Norman A. Handelsman, Lafer, Cohen, Handelsman & Mora, Ltd., Chicago, Ill., for plaintiff.

Lester E. Munson, Sr., Smith & Munson, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

The facts out of which this action arose have been fully set forth by this court. *Kalmich v. Bruno*, 404 F.Supp. 57, 60–61 (N.D.Ill.1975), *rev'd*, 553 F.2d 549 (7th Cir. 1977), *cert. denied*, 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977). In brief, plaintiff seeks recovery from defendant for the confiscation of his property in Yugoslavia by the Nazi occupation force in 1941. Presently before the court is plaintiff's motion for partial summary judgment based upon two undisputed facts. Plaintiff contends that: (1) defendant Bruno acted as Kommissar Leiters, or trustee, of plaintiff's business in Belgrade, Yugoslavia after the Nazis confiscated his property because of his Jewish faith; and (2) defendant Bruno purchased plaintiff's business from the Nazis in 1942, and therefore defendant Bruno is liable as a converter of plaintiff Kalmich's business. After reviewing the memoranda and exhibits filed by the parties, this court is of the opinion that summary judgment is at this time inappropriate.

Plaintiff presents two theories upon which he predicates defendant's liability. First, plaintiff argues that based upon traditional and well-defined principles of "international law" defendant Bruno is a "converter" of plaintiff's business. Plaintiff contends that prior to 1941 Yugoslavian law vested in him a property right in his business. The Nazi confiscation of Kalmich's business for religious reasons, being a violation of international law and recognized Yugoslavian law prior to the German occupation, was ineffective in conveying "title" of plaintiff's business from plaintiff to the Nazis. Accordingly, even if defendant Bruno operated and subsequently purchased

plaintiff's property from the Nazis in good faith and without knowledge of the unlawful confiscation, plaintiff contends defendant "converted" his business since the Germans could not convey good title to Bruno. Plaintiff argues that Bruno is liable to him for the value of the property taken from him unlawfully by the Nazis.

 Initially it should be noted that while principles of international law are relevant to the instant theory presented by plaintiff, it is Yugoslavian law which grants plaintiff his cause of action.[1] As recognized by the Second Circuit in *Dreyfus v. Von Finck*, 534 F.2d 24 (2d Cir. 1976), *cert. denied*, 429 U.S. 835, 97 S.Ct. 102, 50 L.Ed.2d 101 (1976) (suit by German Jew against certain defendants for illegal purchase of plaintiff's property by means of duress in Germany in 1938):

> Like a general treaty, the law of nations has been held not to be self-executing so as to vest a plaintiff with individual legal rights.

*Id.* at 31 (dictum) (citation omitted). Thus, international law, although affecting individuals, "deals primarily with the relationship among nations rather than among individuals." *Id.* at 30–31. Accordingly, plaintiff's reliance on the principles enunciated in *United States v. Georing*, 6 F.R.D. 73 (1946) (report on Nurenburg proceedings), to establish the illegality of the Nazi confiscation of Jewish property is without merit in supporting plaintiff's *individual* cause of action.

 This court agrees with plaintiff that Yugoslavian law granted him a property right in his business in 1941 and that the German confiscation of that property violated international law principles thus foreclosing defendant from arguing that he obtained good title to plaintiff's property from the Nazi occupation force.[2] Defendant was, therefore, a technical converter of plaintiff's property when he purchased plaintiff's business from the Nazis, even if such purchase was in good faith. *Cf. Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 435, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Nevertheless, plaintiff is barred by the applicable statute of limitations from presenting a claim based upon this theory.

 It has been previously held by this court, and not disturbed by the Seventh Circuit, that in this diversity action, applying Illinois conflict of laws principles, Illinois courts would apply their own statute of limitations, *as a general rule*, to cases of this sort. *Kalmich v. Bruno*, 404 F.Supp. 57, 63–68 (N.D.Ill.1975). The statute of limitations in Illinois for injury to real property is set forth in Ill.Rev.Stat. ch. 83, § 16 and provides a five-year limitations period. In reversing this court's prior dismissal of this action, the Seventh Circuit did not reject this basic, general rule but rather held that an exception to the rule existed in this case *because* plaintiff's cause of action was premised on a peculiar Yugoslavian statute enacted in 1946 which specifically provided for its own, unlimited statute of limitations.[3] *Kalmich v. Bruno*, 553 F.2d 549, 553–56 (7th Cir. 1977), *cert. denied*, 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977).

---

1. It is now beyond dispute that in this diversity action Yugoslavian substantive law is controlling. *Kalmich v. Bruno*, 553 F.2d 549, 552 (7th Cir. 1977), *cert. denied*, 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977).

2. The "act of state" doctrine does not prevent this court from considering the validity of the Nazi occupation force's actions in Yugoslavia for purposes of determining title to plaintiff's property. The act of state doctrine only applies to acts of a sovereign in its own territorial jurisdiction and not to acts of a belligerent force, during wartime, occupying the territory of an enemy nation. *See, e. g., Williams v. Suffolk Ins. Co.*, 38 U.S. 415, 10 L.Ed. 226 (1839); *Latvian State Cargo & Pass. S. S. Line v. United States*, 116 F.Supp. 717, 720, 126 Ct.Cl. 802 (1953); *State of the Netherlands v. Federal Reserve Bank*, 99 F.Supp. 655, 667 (S.D.N.Y.1951), *aff'd in part, rev'd in part on other grounds*, 201 F.2d 455 (2d Cir. 1953); *Aboitiz & Co. v. Price*, 99 F.Supp. 602 (D.Utah 1951); *Menzel v. List*, 49 Misc.2d 300, 267 N.Y.S.2d 804 (1966). *Cf. Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Defendant has cited no authority to contradict this proposition.

3. See discussion at 230–231 *infra*.

As to plaintiff's first theory claiming a technical conversion of plaintiff's property under Yugoslavian law, there is nothing presented to demonstrate a special statute of limitations provision for conversion in Yugoslavia which would require the applicability of the exception to the Illinois five-year statute of limitations. Accordingly, this court reaffirms its reasoning as to the applicability of the five-year limitations period *to this theory* of liability,[4] as well as the reasoning, also undisturbed by the court of appeals, that the applicable statute of limitations was not tolled and defendant was not estopped to raise this defense. 404 F.Supp. at 65–68.[5]

■ Plaintiff's second theory is premised on a Yugoslavian statute enacted in 1946 entitled Law Concerning the Treatment of Property . . . Taken Away From the Owner by the Enemy or its Helpers. This court has previously held that Illinois courts would enforce this statute. 404 F.Supp. at 61–63, and the Seventh Circuit has held that a cause of action based upon this statute is not barred by the statute of limitations. 553 F.2d at 553–56.[6] Section 1 of the statute provides, in pertinent part:

> Sec. 1. All properties of physical persons and legal entities in the territory of the Federal People's Republic of Yugoslavia which had to be abandoned by their owners or holders during the occupation of the country; property taken away from such persons against their will by the occupying force and its helpers, with or without compensation, for racial, religious, national or political reasons; as well as property which under the pres-

sure of the occupying force, by legal acts or otherwise, passed into the hands of third parties, shall be returned to the respective owners or tenants immediately, regardless of who holds their property and on what grounds . . . .

. . . . .

> If the property was destroyed, damaged or could not be found, the owner may bring action for damages against responsible persons without losing the right to claim war damages.

Plaintiff argues that pursuant to Section 1, defendant is a "responsible" person who is liable for the loss of plaintiff's business because he managed and purchased the property after the Nazi confiscation. Defendant argues that Section 1 only established a cause of action against those persons who actually participated in and ordered the taking of plaintiff's property or those persons who knew that the property was confiscated because of plaintiff's religion.

■ At this time this court lacks sufficient information concerning the nature of Yugoslavian law, as well as the manner in which Section 1 has been interpreted in Yugoslavia, to resolve this issue of the scope of Section 1 liability. Thus, neither party has submitted authority from Yugoslavia supporting his position.[7] Nothing has been presented indicating that as its general property law, Yugoslavia recognizes a good faith purchaser of stolen property. Until such time as this court is given more information as to Yugoslavian jurispru-

---

4. Plaintiff previously had stated that this action was premised upon a 1946 Yugoslavian statute discussed *infra*. *See Kalmich v. Bruno,* 404 F.Supp. 57, 60 (N.D.Ill.1975), *rev'd,* 553 F.2d 549 (7th Cir. 1977), *cert. denied,* 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977).

5. The Seventh Circuit expressly reserved ruling on plaintiff's tolling and estoppel arguments. 553 F.2d at 556. Accordingly, this court's prior ruling on these issues remain in effect as the law of the case.

6. For the reasons stated in note 2 *supra* the act of state doctrine does not bar this claim. Moreover, since this court is applying a Yugo-

slavian statute passed in 1946 creating a new cause of action for persons aggrieved by unlawful acts of the Nazis, there is no need to consider the validity or invalidity of the Nazis' decrees in Yugoslavia during the occupation even if the "act of state" doctrine was not inapplicable for the reasons stated in note 2 *supra.*

7. The two Yugoslavian cases cited by plaintiff in Exhibit D–3 of his reply memorandum do not involve Section 1 nor do they involve liability against a good faith purchaser of confiscated property no longer in existence.

dence, plaintiff's motion for partial summary judgment based upon the two undisputed facts stated previously must be denied.[8]

It is so ordered.

---

**8.** Of course, plaintiff may at the trial of this cause proceed to prove that the defendant was actively engaged in the confiscation of plaintiff's business or knew at the time of his purchase that plaintiff's business was confiscated for religious reasons by the Nazis. If these facts are shown, liability would attach under Section 1 on its face. All this court presently holds is that based on the facts defendant acted as Kommissar Leiters and purchased plaintiff's property, assuming both acts were in good faith for purposes of this motion, this court cannot now decide if defendant is liable as a converter under Section 1.